STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-314

ADOPTION OF N. B.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. A-20130052
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

**James D. "Buddy" Caldwell**
**Attorney General**
**Trey Phillips**
**First Assistant Attorney General**
**S. Kyle Duncan**
**Special Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR STATE-APPELLANT:**
    **State of Louisiana**

**Joshua S. Guillory**
**Attorney at Law**
**317 E. University Avenue**
**Lafayette, LA 70503**
**(337) 233-1303**
**COUNSEL FOR PETITIONERS-APPELLEES:**
    **Angela Marie Costanza**
    **Chasity Shanelle Brewer**

**Paul R. Baier**
**Attorney at Law**
**4222 Hyacinth Avenue**
**Baton Rouge, LA 70808**
**(225) 364-4647**
**COUNSEL FOR PETITIONERS-APPELLEES:**
    **Angela Marie Costanza**
    **Chasity Shanelle Brewer**

**PICKETT, Judge.**

The state appeals the judgment of the trial court granting the Petition for Intrafamily Adoption filed by Angela Costanza and Chasity Brewer.

Angela Costanza filed a Petition for Intrafamily Adoption on July 12, 2013, pursuant to La.Ch.Code art. 1243 *et seq*. She desires to adopt N.B., the biological son of Chasity Brewer and an unknown father. Louisiana Children's Code Article 1243(A) states:

> A stepparent, stepgrandparent, great-grandparent, grandparent, or collaterals within the twelfth degree may petition to adopt a child if all of the following elements are met:
>
> (1) The petitioner is related to the child by blood, adoption, or affinity through a parent recognized as having parental rights.
>
> (2) The petitioner is a single person over the age of eighteen or a married person whose spouse is a joint petitioner.
>
> (3) The petitioner has had legal or physical custody of the child for at least six months prior to filing the petition for adoption.

Ms. Costanza relies on her status as the stepmother of N.B. to satisfy the first requirement of Article 1243(A). She and Ms. Brewer were married in California on August 8, 2008. Ms. Brewer was a joint petitioner, satisfying the second requirement. Ms. Costanza alleged that N.B. has lived with her since birth and, as he was born in 2004, the third element is satisfied.

Ms. Costanza and Ms. Brewer filed a supplemental petition on September 23, 2013. In this petition, they acknowledge Attorney General Opinion 06-325, issued on April 18, 2007, which states the opinion of the Louisiana Attorney General that Louisiana is not required to recognize adoptions by same-sex couples perfected in other states. While the opinion itself has little sway with the court, the

sources of law cited therein are binding.  To that end, the relevant laws cited in the

Attorney General opinion are listed below:

Louisiana Civil Code Article 86.  Marriage; definition

Marriage is a legal relationship between a man and a woman that is created by civil contract. The relationship and the contract are subject to special rules prescribed by law.

Louisiana Civil Code Article 89. Impediment of same sex

Persons of the same sex may not contract marriage with each other. A purported marriage between persons of the same sex contracted in another state shall be governed by the provisions of Title II of Book IV of the Civil Code.

The relevant articles of Title II of Book IV of the Civil Code are Articles 3519 and

3520, which state:

Article 3519. Status of natural persons; general principle

The status of a natural person and the incidents and effects of that status are governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the particular issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the relationship of each state, at any pertinent time, to the dispute, the parties, and the person whose status is at issue; (2) the policies referred to in Article 3515; and (3) the policies of sustaining the validity of obligations voluntarily undertaken, of protecting children, minors, and others in need of protection, and of preserving family values and stability.

Article 3520. Marriage

A. A marriage that is valid in the state where contracted, or in the state where the parties were first domiciled as husband and wife, shall be treated as a valid marriage unless to do so would violate a strong public policy of the state whose law is applicable to the particular issue under Article 3519.
B. A purported marriage between persons of the same sex violates a strong public policy of the state of Louisiana and such a marriage contracted in another state shall not be recognized in this state for any purpose, including the assertion of any right or claim as a result of the purported marriage.

Ms. Costanza and Ms. Brewer go on in their supplemental petition to allege that the statutes holding that a same-sex marriage perfected in another state have no effect of law in Louisiana, violate the United States Constitution, specifically the Full Faith and Credit Clause and the Due Process Clause of the Fourteenth Amendment. The amended petition was served on the Attorney General for the purpose of representing the state's interests in this case. The state was already involved to the extent that the Department of Children and Family Services filed reports as required in any adoption case. The Attorney General has the right to participate in any litigation seeking a declaration that a statute is unconstitutional. Louisiana Code of Civil Procedure Article 1880 states that "[i]f the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state *shall* also be served with a copy of the proceeding *and be entitled to be heard*." (Emphasis added.) The Attorney General requested ten days written notice of any proceeding in this case pursuant to the provisions of La.Code Civ.P. art. 1572 on October 13, 2013, thus acknowledging the petition.

The trial court heard the matter in chambers on January 27, 2014. No transcript of that hearing is in the record. The state did not make an appearance at that hearing. In its brief, the Attorney General notes that it received no notice of the proceedings in the trial court, except for the final judgment. In fact, a review of the record by this court reflects no notice of the hearing was sent to the Attorney General's office. On February 5, 2014, the trial court entered a judgment granting the petition for intrafamily adoption. The judgment does not mention the constitutional issues raised in the amended petition. Nothing in the record indicates the trial judge issued a ruling on the constitutional issues. In addition to declaring Ms. Costanza the mother of N.B., the trial court ordered the clerk of

court to forward the final decree to the State Registrar of Vital Records for entry of a birth certificate naming Ms. Costanza as the parent of N.B.

The Attorney General filed a suspensive appeal pursuant to La.Ch.Code art. 1259(A), which states:

> Any party to the proceedings or any other party in interest shall have the right to appeal a judgment granting or refusing to grant an interlocutory or final decree regarding any type of adoption within thirty days after the rendition of a judgment or decree.

On appeal, the state alleges it has standing as an interested party. It claims that the intrafamily adoption should not have been granted in light of Louisiana Constitution Article 12, § 15, which states:

> Marriage in the state of Louisiana shall consist only of the union of one man and one woman. No official or court of the state of Louisiana shall construe this constitution or any state law to require that marriage or the legal incidents thereof be conferred upon any member of a union other than the union of one man and one woman. A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized. No official or court of the state of Louisiana shall recognize any marriage contracted in any other jurisdiction which is not the union of one man and one woman.

The state also claims the final decree of adoption violates La.Ch.Code art. 1243 and La.Civ.Code art. 3520(B). On the face of these statutes, the state is absolutely correct. In fact, the petitioners acknowledged as much in their related petition seeking a declaratory judgment that their marriage perfected in California should be recognized and given effect in this state.

In its brief to this court, the Attorney General defends these statutes against the federal constitutional challenges raised in the petitioners' supplemental petition. The state acknowledges that the constitutional issues were not addressed by the trial court, and this court could remand for the trial court to decide the issue in the first instance. But, the state seeks a declaration from this court that the

Lousiana Constitution and statutes are not unconstitutional as it relates to this adoption in the interest of judicial efficiency and in light of the other cases pending in the federal courts of this state.

On appeal, the petitioners claim that the state's arguments for the constitutional validity of the state prohibition against recognition of same sex marriages come too late. They point out that the Attorney General failed to intercede in the proceeding below. Nevertheless, La.Code Civ.P. art. 2086 permits a party who could have intervened in the trial court to appeal. The petitioners claim that even though the Attorney General may not have received actual notice of the hearing in this case, the Department of Children and Family Services is just as much an arm of the state. As mentioned, however, La.Code Civ.P. art. 1880 requires that the Attorney General have an opportunity to be heard when a statute is alleged to be unconstitutional. The Attorney General is entitled to be notified of the hearing as requested under La.Code Civ.P. art. 1572. That article specifically provides for the method of service. Notice to DCFS did not satisfy those requirements.

Finally, the petitioners argue that the constitutional questions were not raised below. However, the petitioners own amended petition raised the constitutional issues in this case. The petitioners ask that we affirm the judgment of the trial court. In the alternative, the petitioners pray that we remand for a full hearing below on the constitutional issues raised by the state.

Following oral argument, both the petitioners and the state filed multiple letters and affidavits making additional arguments. We have not considered these filings, as they are outside the record on appeal. "Article 2164 [of the Code of Civil Procedure] provides that appellate courts shall render judgment 'upon the

Record on appeal,' which likewise precludes the consideration of evidence outside that record[.]" *Gallagher v. Gallagher*, 248 La. 621, 628-29, 181 So.2d 47, 50 (1965).

We find that the trial court erred by holding the hearing on this matter without notifying the Attorney General as required by La.Code Civ.P. art. 1572. There is no question that the Attorney General made an appearance and requested notice pursuant to law. The record establishes that the Attorney General did not receive the notice to which it was entitled nor have an opportunity to be heard. The judgment of adoption is vacated and the case is remanded. On remand, the trial court is instructed to hear arguments on all issues raised by both the petitioners and the Attorney General.

**VACATED AND REMANDED WITH INSTRUCTIONS.**