# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #033

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Per Curiam handed down on the **7th day of July, 2015**, is as follows:

**PER CURIAM**:

2014-CA-2090    ANGELA MARIE COSTANZA, ET AL. v. JAMES D. CALDWELL, ET AL. (Parish of Lafayette)

For the reasons assigned, the appeal is dismissed as moot. The case is remanded to the district court for further proceedings.

KNOLL, J., additionally concurs and assigns reasons.
WEIMER, J., concurs and assigns reasons.
GUIDRY, J., additionally concurs and assigns reasons.
HUGHES, J., dissents and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons set forth by Justice Guidry.

07/07/15

SUPREME COURT OF LOUISIANA

NO. 2014-CA-2090

ANGELA MARIE COSTANZA, ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.

ON DIRECT APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE

PER CURIAM

In this appeal, the State of Louisiana seeks review of a judgment of the district court declaring La. Const. Art. XII, § 15, La. Civ. Code art. 86, La. Civ. Code art. 89, La. Civ. Code art. 3520(B), and Revenue Information Bulletin No. 13-024 (9/13/13) to be unconstitutional. After the appeal was taken under advisement, the United States Supreme Court rendered its opinion in *Obergefell v. Hodges*, 2014-556, 2015 WL 2473451, -- U.S. -- (June 26, 2015), which held state bans on same-sex marriage violate both the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The Court further recognized there is "no lawful basis" to uphold so-called "recognition bans" – such as Louisiana's laws banning recognition of same-sex marriages performed under the laws of other states. *Id.* at *22-24.

Following *Obergefell*, the United States District Court for the Eastern District of Louisiana held La. Const. Art. XII, § 15, La. Civ. Code art. 89, and La. Civ. Code art. 3520(B) were in violation of the Fourteenth Amendment to the United States Constitution and enjoined the State of Louisiana and its officials from enforcing those provisions as well as Revenue Information Bulletin No. 13-024. *Jonathan P.*

*Robicheaux, et al. v. James D. Caldwell, et al.*, No. 13-5090 c/w No. 14-97 & No. 14-327 (E.D. La. July 2, 2015).

The United States Supreme Court's interpretation of the federal constitution is final and binding on this court. "... [O]ur United States Supreme Court is a judicial planet whose orbit draws into its vortex the findings of all State courts involving all federal constitutional questions which must be obeyed in order to maintain the law in its majesty of final decision." *State v. Nichols*, 44 So. 2d 318, 321 (La. 1950). *See also State ex rel. Barrabino v. Henderson*, 283 So. 2d 764, 766 (La. 1973) (Tate, J., concurring) ("The United States Constitution as interpreted by that court is binding upon every court in this land, including the Supreme Court of Louisiana and the federal courts sitting in Louisiana."); *State v. Stevenson*, 292 So. 2d 488, 489 (La. 1974) ("... [T]he United States Supreme Court is the arbiter of federal constitutional questions for state courts under our dual system.").

In light of the United States Supreme Court's opinion in *Obergefell* and the action of the federal district court in *Robicheaux*, the issues presented in this appeal have been resolved. Through the action of the federal courts, plaintiffs have received all the relief they requested in their motion for summary judgment, which forms the basis for this appeal. Given these developments, there is no longer a justiciable controversy for this court to resolve. *See St. Charles Parish Sch. Bd. v. GAF Corp.*, 512 So. 2d 1165, 1171 (La. 1987) (on rehearing) (explaining a justiciable controversy "connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character.").

In reaching this conclusion, we emphasize that the freedom of religious organizations to perform marriage ceremonies according to the dictates of their faith is not implicated herein. As the Court explained in *Obergefell*, "[t]he First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered." Slip op. at 27. Nonetheless, insofar as plaintiffs seek the benefits of the civil effects of marriage, *Obergefell* compels the conclusion that the State of Louisiana may not bar same-sex couples from the civil effects of marriage on the same terms accorded to opposite-sex couples.

Accordingly, the appeal is dismissed as moot. The case is remanded to the district court for further proceedings.

## DECREE

For the reasons assigned, the appeal is dismissed as moot. The case is remanded to the district court for further proceedings.

07/07/15

# SUPREME COURT OF LOUISIANA

## NO. 14-CA-2090

## ANGELA MARIE COSTANZA, ET AL.

## VERSUS

## JAMES D. CALDWELL, ET AL.

KNOLL, Justice, additionally concurring.

I concur because I am constrained to follow the rule of law set forth by a majority of the nine lawyers appointed to the United States Supreme Court in *Obergefell v. Hodges*, __ U.S. __, __ S.Ct. __, 2015 WL 2473451 (U.S. 2015). However, as the author of *Forum for Equality PAC v. McKeithen*, 04-2477 (La. 1/19/05), 893 So.2d 715, which recognized the constitutionality of the amendment defining marriage in this state, I write separately to express my views concerning the horrific impact these five lawyers have made on the democratic rights of the American people to define marriage and the rights stemming by operation of law therefrom. It is a complete and unnecessary insult to the people of Louisiana who voted on this very issue.

Our U.S. Constitution envisions change through democracy and reserves to the states and the people all powers not delegated to the federal government. U.S. Const. Amends. IX & X. Unilaterally, these five lawyers took for themselves a question the Constitution expressly leaves to the people and about which the people have been in open debate—the true democratic process. This is not a constitutionally-mandated decision, but a super-legislative imposition of the majority's will over the solemn expression of the people evidenced in their state constitutional definitions of marriage.

Moreover, the five unelected judges' declaration that the right to marry whomever one chooses is a fundamental right is a mockery of those rights explicitly enumerated in our Bill of Rights. Simply stated, it is a legal fiction imposed upon the entirety of this nation because these five people think it should be. No one contests the historical definition of marriage as a union of a man and a woman or its social necessity to protect the product of their physical union, *i.e.*, children. While I have many friends in same-sex relationships, I respectfully would not bestow upon them legal rights of marriage as having a child of their physical union is literally impossible. Having children may be accomplished through legal adoption or artificial means of reproduction but neither avenue requires marriage.

It is a sad day in America when five lawyers beholden to none and appointed for life can rob the people of their democratic process, forcing so-called civil liberties regarding who can marry on all Americans when the issue was decided by the states as solemn expressions of the will of the people. I wholeheartedly disagree and find that, rather than a triumph of constitutionalism, the opinion of these five lawyers is an utter travesty as is my constrained adherence to their "law of the land" enacted not by the will of the American people but by five judicial activists.

07/07/15

# SUPREME COURT OF LOUISIANA

## NO. 2014-CA-2090

## ANGELA MARIE CONSTANZA, ET AL.

### VERSUS

## JAMES D. CALDWELL, ET AL.

*ON DIRECT APPEAL FROM THE FIFTEENTH JUDICIAL DISTRICT COURT,*
*PARISH OF LAFAYETTE*

**WEIMER, J.**, concurs.

I write not to point out what, in my view, the law should be, but to reiterate that judicial decisions should be guided by the rule of law. Judges take a solemn oath to support the rule of law, not to decide cases based on what a judge personally believes the law should be.

No constitution or court case can command or convince someone to love, or not love, another. Neither the law generally, nor this case specifically, is capable of dictating such personal matters. Understandably, some people who share relationships founded on a commitment characterized by love and affection wish to solemnize that relationship. Some view the law as an obstacle to solemnizing their relationships; others view the law as a means for preserving a wide range of social values. Those viewpoints have collided in this case.

By 77.78 percent of those voting,[1] the Louisiana Constitution was amended[2] in 2004 to express a belief that marriage was restricted to different genders. A

---

[1] See http://staticresults.sos.la.gov/09182004/09182004_Statewide.html.

[2] See 2004 La. Acts 926, § 1, approved September 18, 2004, effective October 19, 2004, which added La. Const. art. XII, § 15.

complementary civil code provision had been unanimously enacted by both the Louisiana House of Representatives and Senate.[3] How a vote on those provisions would be resolved if held today or next year or a decade from now would be rank speculation. Citizens are empowered to change the laws while working within our system of democracy, and judges are duty bound to follow the rule of law.

In Louisiana's civil law system, judges are bound to follow the law as written by the legislature and must follow custom when legislation is silent. <u>See</u> La. C.C. arts. 1-3. The Louisiana Constitution is the foundation of our state's system of laws, but both the Constitution of Louisiana and the codal and statutory provisions of Louisiana must yield to the United States Constitution as interpreted by the United States Supreme Court.[4]

The apparent and rapid shift in public sentiment on the issue before us has been profound. However, the role of the judiciary is not to weigh shifting public sentiment at any given moment, but to be steadfast in following the law duly enacted by the people and/or their representatives. Nevertheless, in a federal system, a state judge's obligation is to follow the law as dictated by a majority of the United States Supreme Court.[5] Whether or not this matter should be a judicial decision by the federal or the state judiciary or an issue resolved by legislatures at the state level is ultimately at the heart of the matter and was vigorously debated by the majority and dissenting justices

---

[3] <u>See</u> 1999 La. Acts 890, § 1, which amended and reenacted La. C.C. art. 3520.

[4] The dissent in this matter, which cites no constitutional provisions or legislation or jurisprudence or evidence or facts, consists of ruminations untethered to any support.

[5] <u>See, e.g.</u>, **Danforth v. Minnesota**, 552 U.S. 264, 289 (2008) (indicating that a United States Supreme Court decision "provid[ing] remedies for federal constitutional violations" as a "rule of federal law" is binding because "presumably the Supremacy Clause in Article V of the Federal Constitution would require all state entities-not just state judges-to comply with it.").

in the 5-4 decision rendered in **Obergefell v. Hodges**, 2015 WL 2473451 (United

States 2015).  The ramifications of this decision will likely continue to resonate.

07/07/15

SUPREME COURT OF LOUISIANA

No. 2014-CA-2090

ANGELA MARIE COSTANZA, ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.

**GUIDRY, J., additionally concurs and assigns reasons.**

Judges are bound by oath to follow the law regardless of our personal opinions, and we insist that everyone appearing before us do the same. The dissenting opinion suggests we should not follow the holding of the Supreme Court of the United States. However, it cites no legal authority. It cannot, because there is none to support its position. I am bound by my oath as an elected justice of this state to abide by the rule of law.

I must also respond to the dissenting opinion's assertion that the "most troubling prospect of same sex marriage is the adoption by same sex partners of a young child of the same sex." The dissenting opinion appears to be unaware of the facts of the case before us, which involves the intra-family adoption of a boy by the female spouse of the boy's biological mother. *See In re Adoption of N.B.*, 14-314 (La. App. 3 Cir. 6/11/14), 140 So.3d 1263. In any event, the dissenting opinion cites no legal or scientific authority, nor does the record contain any evidence, that would support its insinuation.

07/07/15

SUPREME COURT OF LOUISIANA

NO. 2014-CA-2090

ANGELA MARIE COSTANZA, ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.

ON DIRECT APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE

**Hughes, J., dissenting.**

Judges instruct jurors every week not to surrender their honest convictions merely to reach agreement. I cannot do so now, and respectfully dissent. Marriage is not only for the parties. Its purpose is to provide children with a safe and stable environment in which to grow. It is the epitome of civilization. Its definition cannot be changed by legalisms.

This case involves an adoption. The most troubling prospect of same sex marriage is the adoption by same sex partners of a young child of the same sex. Does the 5-4 decision of the United States Supreme Court automatically legalize this type of adoption? While the majority opinion of Justice Kennedy leaves it to the various courts and agencies to hash out these issues, I do not concede the reinterpretation of every statute premised upon traditional marriage.

07/07/15

SUPREME COURT OF LOUISIANA

NO. 2014-CA-2090

ANGELA MARIE COSTANZA, ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.

ON DIRECT APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE

**CRICHTON, J., additionally concurs for the reasons set forth by Justice Guidry.**