# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31037

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2015

Lyle W. Cayce
Clerk

JONATHAN P. ROBICHEAUX; DEREK PENTON;
NADINE BLANCHARD; COURTNEY BLANCHARD,

Plaintiffs–Appellants,

versus

JAMES D. CALDWELL,
  in His Official Capacity as the Louisiana Attorney General,
  Also Known as Buddy Caldwell,

Defendant–Appellee.

* * * * *

JONATHAN P. ROBICHEAUX; DEREK PENTON; NADINE BLANCHARD;
COURTNEY BLANCHARD; ROBERT WELLES; GARTH BEAUREGARD,

Plaintiffs–Appellants,

versus

DEVIN GEORGE, in His Official Capacity as the State Registrar
  and Center Director at Louisiana Department of Health and Hospitals;
TIM BARFIELD,
  in His Official Capacity as the Louisiana Secretary of Revenue;
KATHY KLIEBERT, in Her Official Capacity as
  the Louisiana Secretary of Health and Hospitals,

Defendants–Appellees.

* * * * *

No. 14-31037

FORUM FOR EQUALITY LOUISIANA, INCORPORATED;
JACQUELINE M. BRETTNER; M. LAUREN BRETTNER;
NICHOLAS J. VAN SICKELS; ANDREW S. BOND; HENRY LAMBERT;
R. CAREY BOND; L. HAVARD SCOTT, III; SERGIO MARCH PRIETO,

                                        Plaintiffs–Appellants,

versus

TIM BARFIELD, in His Official Capacity as
  Secretary of the Louisiana Department of Revenue;
DEVIN GEORGE, in His Official Capacity as Louisiana State Registrar,

                                        Defendants-Appellees.

---

Appeals from the United States District Court
for the Eastern District of Louisiana

---

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

The plaintiffs are seven same-sex couples and an organization whose membership includes same-sex couples and their families. The couples seek to marry in Louisiana or to have their marriage in another state recognized in Louisiana. They sued the state defendants for declaratory and injunctive relief, asking the district court to declare unconstitutional article XII, § 15 of the Louisiana Constitution, article 3520(B) of the Louisiana Civil Code, and any other Louisiana law that prohibits same-sex couples from marrying in Louisiana or having their marriages recognized. The various plaintiffs claimed

No. 14-31037

violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Full Faith and Credit Clause, and 42 U.S.C. § 1983. The actions were consolidated.

On September 3, 2014, the district court, without the benefit of subsequent controlling Supreme Court precedent, granted defendants' motion for summary judgment and denied plaintiffs' motion for summary judgment. The plaintiffs appealed. After full briefing, including participation by numerous *amici curiae*, this court heard expanded oral argument on January 9, 2015.

While this appeal was under submission, the Supreme Court decided *Obergefell v. Hodges*, No. 14-556, 2015 U.S. LEXIS 4250 (U.S. June 26, 2015). In summary, the Court declared that

> the right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. *Baker v. Nelson* [, 409 U.S. 810 (1972),] must be and now is overruled, and the State laws challenged by petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

*Id*. at *41–42. "It follows that the Court must also hold—and it now does hold— that there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id*. at *50.

Having addressed fundamental rights under the Fourteenth Amendment, the Court, importantly, invoked the First Amendment, as well:

> Finally, it must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned. The First Amendment ensures that religious organizations

and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered. The same is true of those who oppose same-sex marriage for other reasons. In turn, those who believe allowing same-sex marriage is proper or indeed essential, whether as a matter of religious conviction or secular belief, may engage those who disagree with their view in an open and searching debate. The Constitution, however, does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex.

*Id.* at *48–49.

*Obergefell*, in both its Fourteenth and First Amendment iterations, is the law of the land and, consequently, the law of this circuit[1] and should not be taken lightly by actors within the jurisdiction of this court. We express no view on how controversies involving the intersection of these rights should be resolved but instead leave that to the robust operation of our system of laws and the good faith of those who are impacted by them.

This court sought and promptly received letter advisories from plaintiffs and the state, asking their respective positions on the proper disposition in light of *Obergefell*. They are agreed that the judgment should be reversed and remanded for entry of judgment in favor of plaintiffs.

Because this court agrees that that is the required result, the judgment appealed from is REVERSED, and this matter is REMANDED for entry of judgment in favor of the plaintiffs. The district court must act expeditiously on remand, especially in view of the declining health of plaintiff Robert Welles.

---

[1] If it were suggested that any part of the quoted passages is *obiter dictum*, we need only recall that although "[w]e are not bound by dicta, even of our own court [,] [d]icta of the Supreme Court are, of course, another matter." *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980). "[W]e give serious consideration to this recent and detailed discussion of the law by a majority of the Supreme Court." *Geralds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (Reavley, J.).

No. 14-31037

The court should enter final judgment on the merits (exclusive of any collateral matters such as costs and attorney fees) by July 17, 2015, and earlier if reasonably possible.[2]

The mandate shall issue forthwith.

---

[2] Any pending motions are denied as moot.