# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1452

_____

Susan Waters; Sally Waters; Nickolas Kramer; Jason Cadek; Crystal Von Kampen; Carla Morris-Von Kampen; Gregory Tubach; William Roby; Jessica Kallstrom-Schreckengost; Kathleen Kallstrom-Schreckengost; Marjorie Plumb; Tracy Weitz; Randall Clark; Thomas Maddox

*Plaintiffs - Appellees*

v.

Pete Ricketts, in his official capacity as Governor of Nebraska; Doug Peterson, in his official capacity as Attorney General of Nebraska; Leonard J. Sloup, in his official capacity as Acting Tax Commissioner of the Nebraska Department of Revenue; Courtney Phillips, in her official capacity as CEO of the Nebraska Department of Health and Human Services

*Defendants - Appellants*

Dan Nolte, in his official capacity as the Lancaster County Clerk

*Defendant*

-------------------------------

Liberty Counsel

*Amicus on Behalf of Appellant(s)*

President of the House of Deputies of the Episcopal Church and the Episcopal Bishops of Missouri and Nebraska; General Synod of the United Church of Christ; Reconstructionist Rabbinical Association; Reconstructionist Rabbinical College and Jewish Reconstructionist Communities; Union for Reform Judaism; Unitarian

Universalist Association; Affirmation; Covenant Network of Presbyterians; Friends for Lesbian, Gay, Bisexual, Transgender, and Queer Concerns; Methodist Federation for Social Action; More Light Presbyterians; Muslims for Progressive Values; Parity; Reconciling Ministries Network; Reconciling Works: Lutherans for Full Participation; Religious Institute; 24 Employers; American Sociological Association; Howard University School of Law Civil Rights Clinic; Gary J. Gates; Historians of Marriage; Constitutional Law Scholars; American Psychological Association; Nebraska Psychological Association; American Psychiatric Association; American Academy of Pediatrics; American Association for Marriage and Family Therapy; Nebraska Association for Marriage and Family Therapy; American Psychoanalytic Association; National Association of Social Workers; National Association of Social Workers Nebraska Chapter; Family Equality Council; COLAGE; Historians of Antigay Discrimination; Americans United For Separation of Church and State; National Women's Law Center; Connecticut Women's Education and Legal Fund; Legal Momentum; Legal Voice; National Association of Women Lawyers; National Partnership for Women and Families; Women's Bar Association of the District of Columbia; Women's Bar Association of Illinois; Women's Law Project; Williams Institute Scholars of Sexual Orientation and Gender Law

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: July 2, 2015
Filed: August 11, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Plaintiffs are seven same-sex couples seeking to marry in Nebraska or to have their marriage in another state recognized in Nebraska. They also seek state benefits incident to marriage. The district court[1] granted Plaintiffs' motion for a preliminary injunction. It found that Article I, § 29 of the Nebraska Constitution, which denies same-sex couples the right to marry, likely violates the U.S. Constitution's guarantee of equal protection. Nebraska brings an interlocutory appeal. Having jurisdiction under 28 U.S.C. § 1292(a)(1), this court affirms.

While the appeal was pending, the Supreme Court decided *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), *abrogating Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). This court, having stayed the injunction pending appeal, vacated the stay after *Obergefell*. Nebraska filed a suggestion of mootness and a motion to vacate the preliminary injunction.

Nebraska no longer argues that Plaintiffs are unlikely to succeed on the merits. The challenged provision is unconstitutional. As *Obergefell* concluded:

> [T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. *Baker v. Nelson* [, 409 U.S. 810 (1972),] must be and now is overruled, and the State laws challenged by Petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

*Obergefell*, 135 S. Ct. at 2604-05. The Supreme Court also noted,

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

[I]t must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned. The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered. The same is true of those who oppose same-sex marriage for other reasons. In turn, those who believe allowing same-sex marriage is proper or indeed essential, whether as a matter of religious conviction or secular belief, may engage those who disagree with their view in an open and searching debate. The Constitution, however, does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex.

*Id.* at 2607.

Nebraska suggests that *Obergefell* moots this case. But the Supreme Court specifically stated that "the State laws *challenged by Petitioners in these cases* are now held invalid." *Id.* at 2605 (emphasis added). *Cf. United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 477-78 (1995) (limiting relief to the parties before the Court and noting "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants"). The Court invalidated laws in Michigan, Kentucky, Ohio, and Tennessee—not Nebraska. *See Campaign for S. Equal. v. Bryant*, 2015 WL 4032186, at *2 (5th Cir. July 1, 2015) (ordering district court to enter final judgment that Texas laws denying same-sex couples the right to marry are unconstitutional); *Conde-Vidal v. Rius-Armendariz*, No. 14-2184 (1st Cir. July 8, 2015) (judgment vacating and remanding district court judgment that dismissed challenge to law denying same-sex marriage). The Court also did not consider state benefits incident to marriage, which were addressed by Plaintiffs and the district court here. Nebraska has not repealed or amended the challenged constitutional provision.

Nebraska's assurances of compliance with *Obergefell* do not moot the case. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). These assurances may, however, impact the necessity of continued injunctive relief. The district court should consider Nebraska's assurances and actions and the scope of any injunction, based on *Obergefell* and Federal Rule of Civil Procedure 65(d). Until then, if Nebraska is unclear on its obligations under the preliminary injunction, it may clarify them with the district court. *See S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012) (preliminary injunctions are reviewed for abuse of discretion, reversing when they are based on "clearly erroneous factual findings or erroneous legal conclusions"). *See also Baskin v. Bogan*, 766 F.3d 648, 672 (7th Cir. 2014) (finding injunction with language identical to the injunction here is not vague).

The preliminary injunction is affirmed and the case remanded for entry of final judgment on the merits in favor of the plaintiffs. All pending motions are denied.

_____