# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1022

———————————————

Rita Jernigan; Pam Jernigan; Becca Austin; Tara Austin

*Plaintiffs - Appellees*

v.

Larry Crane, In his official capacity as Circuit and County Clerk of Pulaski
County, Arkansas, and his successors in interest

*Defendant*

Dustin McDaniel, In his official capacity as Attorney General for the State of
Arkansas, and his successors in interest; Richard Weiss, In his official capacity as
Director of the Arkansas Department of Finance and Administration, and his
successors in interest; George Hopkins, In his official capacity as Executive
Director of the Arkansas Teacher Retirement System, and his successors in interest

*Defendants - Appellants*

------------------------------

North Carolina Values Coalition; Liberty, Life, and Law Foundation; Dr. Paul
McHugh; Robert P. George; Sherif Girgis; Liberty Counsel; Eagle Forum
Education and Legal Defense Fund

*Amici on Behalf of Appellant(s)*

National Women's Law Center; Connecticut Women's Education and Legal Fund;
Legal Momentum; Legal Voice; National Association of Women Lawyers;
National Partnership for Women and Families; Women's Bar Association of the
District of Columbia; Women's Bar Association of Illinois; Women's Law Project;
Williams Institute Scholars of Sexual Orientation and Gender Law; Howard

University School of Law Civil Rights Clinic; American Sociological Association; American Psychological Association; Arkansas Psychological Association; American Psychiatric Association; American Association for Marriage and Family Therapy; American Psychoanalytic Association; National Association of Social Workers; National Association of Social Workers Missouri, Arkansas, South Dakota, and Nebraska Chapters; Leadership Conference on Civil and Human Rights; President of the House of Deputies of the Episcopal Church and the Episcopal Bishops of Missouri and Nebraska; General Synod of the United Church of Christ; Reconstructionist Rabbinical Association; Reconstructionist Rabbinical College and Jewish Reconstructionist Communities; Union for Reform Judaism; Unitarian Universalist Association; Affirmation; Covenant Network of Presbyterians; Friends for Lesbian, Gay, Bisexual, Transgender, and Queer Concerns; Reconciling Ministries Network; Reconciling Works: Lutherans for Full Participation; Parity; Muslims for Progressive Values; More Light Presbyterians; Methodist Federation for Social Action; Family Equality Council; COLAGE; Constitutional Law Scholars; Historians of Marriage; Historians of Antigay Discrimination; 24 Employers; Gary J. Gates; Leadership Conference Education Fund; Americans United For Separation of Church and State; Religious Institute, Inc.

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 8, 2015
Filed: August 11, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Plaintiffs are two same-sex couples seeking to marry in Arkansas or to have their marriage in another state recognized in Arkansas. They also seek state benefits incident to marriage. The district court[1] granted Plaintiffs' motion for summary judgment, finding laws denying them the right to marry (in Arkansas Constitution Amendment 83 and Arkansas Code Annotated §§ 9-11-107, 9-11-109, and 9-11-208) violate the U.S. Constitution's guarantees of due process and equal protection. In addition to a declaratory judgment, the court issued a permanent injunction, but stayed it pending appeal. Arkansas appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

While the appeal was pending, the Supreme Court decided *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), *abrogating Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). This court asked the parties for their positions on the proper disposition of this case. Arkansas filed a suggestion of mootness and a motion to vacate the district court's judgment.

Arkansas no longer disputes the merits of the district court's ruling. The challenged laws are unconstitutional. As *Obergefell* concluded:

> [T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. *Baker v. Nelson* [, 409 U.S. 810 (1972),] must be and now is overruled, and the State laws challenged by Petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

*Obergefell*, 135 S. Ct. at 2604-05.  The Supreme Court also noted,

> [I]t must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned.  The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered.  The same is true of those who oppose same-sex marriage for other reasons.  In turn, those who believe allowing same-sex marriage is proper or indeed essential, whether as a matter of religious conviction or secular belief, may engage those who disagree with their view in an open and searching debate.  The Constitution, however, does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex.

*Id.* at 2607.

Arkansas suggests that *Obergefell* moots this case.  But the Supreme Court specifically stated that "the State laws *challenged by Petitioners in these cases* are now held invalid."  *Id.* at 2605 (emphasis added).  *Cf. United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 477-78 (1995) (limiting relief to the parties before the Court and noting "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants").  The Court invalidated laws in Michigan, Kentucky, Ohio, and Tennessee—not Arkansas.  *See Campaign for S. Equal. v. Bryant*, 2015 WL 4032186, at *2 (5th Cir. July 1, 2015) (ordering district court to enter final judgment that Texas laws denying same-sex couples the right to marry are unconstitutional); *Conde-Vidal v. Rius-Armendariz*, No. 14-2184 (1st Cir. July 8, 2015) (judgment vacating and remanding district court judgment that dismissed challenge to law denying same-sex marriage). Arkansas acknowledges this: "The Supreme Court did not address many of the claims asserted by Appellees and

-4-

addressed by the district court in this case . . . ." Arkansas has not repealed the challenged laws.

Arkansas's general assurances of compliance with *Obergefell* also do not moot the case. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). These assurances may, however, impact the necessity of continued injunctive relief. The district court is better positioned to consider the issue on appropriate motion. *See United States v. Bailey*, 571 F.3d 791, 804 (8th Cir. 2009) (noting this court reviews permanent injunctions for abuse of discretion, reversing when the injunction is based on "a legal error or a clearly erroneous finding of fact").

The judgment is affirmed. Arkansas's motion to vacate the district court's order is denied.

_____