# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1186

_____

Jennie Rosenbrahn; Nancy Rosenbrahn; Jeremy Coller; Clay Schweitzer; Lynn Serling-Swank; Monica Serling-Swank; Krystal Cosby; Kaitlynn Hoerner; Barbara Wright; Ashley Wright; Greg Kniffen; Mark Church

*Plaintiffs - Appellees*

v.

Dennis Daugaard, in his official capacity as Governor; Marty Jackley, in his official capacity as Attorney General; Kimberley Malsam-Rysdon, in her official capacity as Secretary of Health; Trevor Jones, in his official capacity as Secretary of Public Safety; Carol Sherman, in her official capacity as Brown County Register of Deeds

*Defendants - Appellants*

------------------------------

Liberty, Life, and Law Foundation; North Carolina Values Coalition; Foundation for Moral Law; Eagle Forum Education & Legal Defense Fund; David Boyle; Robert Oscar Lopez

*Amici on Behalf of Appellant(s)*

Howard University School of Law Civil Rights Clinic; COLAGE; Family Equality Council; Americans United For Separation of Church and State; American Association for Marriage and Family Therapy; American Psychiatric Association; American Psychoanalytic Association; American Psychological Association; Arkansas Psychological Association; National Association of Social Workers; National Association of Social Workers Missouri, Arkansas, South Dakota, and Nebraska Chapters; Leadership Conference Education Fund; Leadership

Conference on Civil and Human Rights; American Sociological Association; Affirmation; Covenant Network of Presbyterians; Friends for Lesbian, Gay, Bisexual, Transgender, and Queer Concerns; General Synod of the United Church of Christ; Methodist Federation for Social Action; More Light Presbyterians; Muslims for Progressive Values; Parity; President of the House of Deputies of the Episcopal Church and the Episcopal Bishops of Missouri and Nebraska; Reconciling Ministries Network; Reconciling Works: Lutherans for Full Participation; Reconstructionist Rabbinical Association; Reconstructionist Rabbinical College and Jewish Reconstructionist Communities; Religious Institute, Inc.; Union for Reform Judaism; Unitarian Universalist Association; Historians of Marriage; 24 Employers; Historians of Antigay Discrimination; Constitutional Law Scholars; Gary J. Gates

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: July 15, 2015
Filed: August 11, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Plaintiffs are six same-sex couples seeking to marry in South Dakota or to have their marriage in another state recognized in South Dakota. They also seek state benefits incident to marriage. The district court[1] granted Plaintiffs' motion for

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

summary judgment, finding laws denying them the right to marry (in Article 21, § 9 of the South Dakota Constitution and South Dakota Codified Laws §§ 25-1-1, 25-1-38) violate the U.S. Constitution's guarantees of due process and equal protection. In addition to a declaratory judgment, the court issued a permanent injunction, but stayed it pending appeal. South Dakota appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

While the appeal was pending, the Supreme Court decided *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), *abrogating Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). Plaintiffs filed a suggestion to summarily affirm and a motion to vacate the district court's stay. South Dakota filed a suggestion of mootness and a motion to vacate the district court's judgment.

South Dakota no longer disputes the merits of the district court's ruling. The challenged laws are unconstitutional. As *Obergefell* concluded:

> [T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. *Baker v. Nelson* [, 409 U.S. 810 (1972),] must be and now is overruled, and the State laws challenged by Petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

*Obergefell*, 135 S. Ct. at 2604-05. The Supreme Court also noted,

> [I]t must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned. The First Amendment ensures that religious organizations and persons

are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered. The same is true of those who oppose same-sex marriage for other reasons. In turn, those who believe allowing same-sex marriage is proper or indeed essential, whether as a matter of religious conviction or secular belief, may engage those who disagree with their view in an open and searching debate. The Constitution, however, does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex.

*Id.* at 2607.

South Dakota suggests that *Obergefell* moots this case. But the Supreme Court specifically stated that "the State laws *challenged by Petitioners in these cases* are now held invalid." *Id.* at 2605 (emphasis added). *Cf. United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 477-78 (1995) (limiting relief to the parties before the Court and noting "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants"). The Court invalidated laws in Michigan, Kentucky, Ohio, and Tennessee—not South Dakota. *See Campaign for S. Equal. v. Bryant*, 2015 WL 4032186, at *2 (5th Cir. July 1, 2015) (ordering district court to enter final judgment that Texas laws denying same-sex couples the right to marry are unconstitutional); *Conde-Vidal v. Rius-Armendariz*, No. 14-2184 (1st Cir. July 8, 2015) (judgment vacating and remanding district court judgment that dismissed challenge to law denying same-sex marriage). And the Court did not determine all issues raised by Plaintiffs here (for example, name-changes on driver's licenses). South Dakota has not repealed the challenged laws.

South Dakota's assurances of compliance with *Obergefell* do not moot the case. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). These assurances

-4-

may, however, impact the necessity of continued injunctive relief. The district court is better positioned to consider the issue on appropriate motion. *See United States v. Bailey*, 571 F.3d 791, 804 (8th Cir. 2009) (noting this court reviews permanent injunctions for abuse of discretion, reversing when the injunction is based on "a legal error or a clearly erroneous finding of fact"). This court leaves to the court's discretion whether to vacate the stay of the injunction.

The judgment is affirmed. All pending motions are denied.

_____