# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20589

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2018

Lyle W. Cayce
Clerk

In the matter of: YEMISI AYOBAMI

> Debtor

DAVID G. PEAKE, Trustee,

> Appellant

v.

YEMISI AYOBAMI, also known as Yemisi Aregbe,

> Appellee

Appeal from the United States Bankruptcy Court
for the Southern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal presents questions relating to the scope of a Chapter 13 debtor's claimed exemptions under § 522 of the Bankruptcy Code. The bankruptcy court certified this direct appeal pursuant to 28 U.S.C. § 158(d)(2). We answer the certified question only, leaving the other issues the parties raise for another case on another day.

No. 16-20589

I.

On December 1, 2015, the Advisory Committee on Bankruptcy Rules adopted a new Schedule C form. This form allows Chapter 13 debtors, by checking the appropriate box on the form in the column titled "*Amount* of the exemption you claim," to exempt from the bankruptcy estate "100% of fair market *value*, up to any applicable statutory limit" of certain property. When filing her Schedule C, Debtor Yemisi Ayobami checked this box indicating her intent to exempt "100% of fair market value, up to any applicable statutory limit" for 14 of her 17 exemptions. In the column titled "Specific laws that allow exemption," Ayobami identified 11 U.S.C. §§ 522(d)(1), (3)–(5), which cap the value of a debtor's interest that may be exempted at a designated statutory limit.[1]

Following Ayobami's Schedule C filing, the parties engaged in multiple rounds of objections, hearings, and orders. Ultimately, the district court allowed Ayobami's amended exemptions that claimed "100% of fair market value, up to any applicable statutory limit" of certain assets, but only after she also listed a claimed amount within the statutory limit in the "Specific laws that allow exemption" column. The parties then jointly requested certification to directly appeal the court's order allowing Ayobami's amended exemptions. The bankruptcy court certified a specific question for appeal, and this court granted such leave.[2]

---

[1] We do not address the Schedule C form as it has been completed by Ayobami or reviewed by the bankruptcy court in this case; it is irrelevant to the certified question. So to the extent the parties are asking us to decide whether Ayobami's amended Schedule C is contrary to the Code, we decline to do so.

[2] A certification by the bankruptcy court on request by a party must include "the question itself." Fed. R. Bankr. P. 8006.

No. 16-20589

II.

The bankruptcy court certified the following question: "May a debtor claiming federal exemptions under § 522 of the Bankruptcy Code *ever* exempt a 100% interest in an asset?" *In re Ayobami*, No. 15-35488, 2016 WL 3708761, at \*2 (Bankr. S.D. Tex. July 1, 2016) (emphasis added). The answer is yes. A debtor may do so in certain cases because the relevant provisions of § 522 cap the value of the asset a debtor may exempt, not the debtor's interest in that asset.

III.

The commencement of bankruptcy triggers the creation of the bankruptcy estate, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2012). A debtor is allowed, however, to exempt her interest in certain assets from the property of the estate under 11 U.S.C. § 522(d). A "party in interest," such as a trustee, may object to the debtor's claimed exemptions. 11 U.S.C. § 522(*l*) (2012). And "[u]nless a party in interest objects, the property claimed as exempt . . . is exempt." *Id.*

Peake, the trustee, argues that a debtor may *never* exempt a 100% interest in an asset under §§ 522(d)(1)–(6) because allowing such an exemption effectively removes the entire asset from the bankruptcy estate. And because the relevant subsections of § 522(d) place a monetary-value cap on the claimed exemptions, Peake argues, the exemption itself must be "limited to the specific amount, not [become] an indefinite [monetary] exemption in-kind to be determined at a later date."

Both the bankruptcy court and Peake's counsel point us to § 522 of the Bankruptcy Code in addressing the legal question here. The relevant exemptions set forth in § 522(d) of the Bankruptcy Code are phrased as follows: the debtor may exempt her interest or aggregate interest in certain property

"not to exceed [a designated amount] in value." 11 U.S.C. §§ 522(d)(1)–(6). Thus § 522(d) limits the *value* that may be exempted, not the debtor's *interest* that may be exempted. On its face, exempting a 100% *interest* in an asset does not violate any provision of § 522. *See also Schwab v. Reilly*, 560 U.S. 770, 794 n.21 (2010) (contemplating a scenario where a debtor "claimed as exempt a 'full' or '100%' interest" in an asset).[3] Of course, there are circumstances where exempting a 100% interest in an asset would not be allowable under § 522, e.g., when the statutory cap is exceeded. But addressing only the certified question before us, we hold that if, when considering any other exemptions claimed, the debtor's entire interest in an asset is less than or equal to any dollar-value limitation imposed by the applicable § 522(d) subsection, then the debtor may exempt her 100% interest in that asset.[4]

What the certified question does not ask us to determine, and thus we decline to address, is whether claiming a 100% interest in an asset as exempt allows the debtor to "walk away" with the asset itself and potentially benefit from any post-petition appreciation of it. This concern seems to be at the heart of the question that the parties wish us to address. Although we do not address the question today, we note that the Supreme Court has found "questionable" whether "a claim to exempt the full value of the equipment would, if unopposed, entitle [the debtor] to the equipment itself as opposed to a payment equal to the equipment's full value," explaining:

---

[3] It is well established in this circuit that, although we are "not bound by dicta, even of [this court,] [d]icta of the Supreme Court are, of course, another matter." *Campaign for S. Equal. v. Bryant*, 791 F.3d 625, 627 n.1 (5th Cir. 2015).

[4] We make special note of the fact that Ayobami assigned her exempt interest a dollar value, disclosed on her Schedule C, within the statutory limits. This opinion does not address or decide a factual situation in which a debtor exempts "100% of fair market value, up to any applicable statutory limit" of an asset and fails to also designate a specific dollar value within the statutory limit. We also make special note that this opinion addresses only the question certified to us. We do not address or decide any further issue of the bankruptcy court's holding.

No. 16-20589

> Section 541 is clear that title to the equipment passed to [the debtor's] estate at the commencement of her case, and §§ 522(d)(5) and (6) are equally clear that her reclamation right is limited to exempting an interest in the equipment, not the equipment itself. Accordingly, it is far from obvious that the Code would "entitle" [the debtor] to clear title in the equipment even if she claimed as exempt a "full" or "100%" interest in it . . . .

*Id.* Because this question of whether a debtor can walk away with the asset, as opposed to merely claiming the value of their 100% interest in the asset as exempt, is not expressly presented in the certified question, we decline to address it. When the case arises, whose facts present the question, we hope to rise to the occasion. In the meantime, the bankruptcy courts have ample discretion to frame the question in a proper case.

## IV.

In sum, we answer the specific certified question in the affirmative. There are certain situations where a debtor claiming federal exemptions under § 522 of the Bankruptcy Code can claim an exemption of a 100% interest in an asset. What we do not decide is whether doing so entitles such a debtor to clear title in that asset and any post-petition appreciation. Having answered the question certified to us, we therefore return the case to the bankruptcy court for such further proceedings as may be necessary in the disposition of this case.