. KENNON, Justice.
 

 Relator, Kiffe, was convicted and sentenced to fine and imprisonment by the Seventeenth Judicial District Court under a charge of deserting and wilfully neglecting to provide for the support of his wife and his three minor children.
 

 After the district court overruled his plea to that court’s jurisdiction, Kiffe applied to this Court for writs, charging that under the provisions of Section1 52 of Article VII of the Constitution of 1921 and Section 5 of Act No. 83 of 1921, Ex.Sess., the Juvenile Court has exclusive jurisdiction of the offense involving the nonsupport of children and that, therefore, the-Seventeenth Judicial District Court was without jurisdiction to try relator for the offense for which he was convicted.
 

 Section 35 of Article VII is ‘ the only part of the Constitution of 1921 conferring
 
 *866
 
 jurisdiction in criminal cases upon district courts (other than in the Parish of Orleans). The relevant portion of that section -reads: “They (district courts) shall have unlimited and
 
 exclusive original jurisdiction
 
 in all criminal cases,
 
 except such as may be vested in other courts authorized by this Constitution
 
 * * (Italics mine.)
 

 Section 52 of the same constitutional article, creating juvenile courts in all parishes of the State, except Orleans and Caddo, provides: “ * * * The said (juvenile) courts shall have jurisdiction * * *
 
 in all cases
 
 of desertion or non-suppórt of children by either parent.” (Parenthesis and italics mine.)
 

 Since jurisdiction to try all cases of desertion, etc., is thus — by Section 52 — ■ “ * * * vested in other courts * * * ”, namely, juvenile courts, it follows that such cases come within the exception to the jurisdiction given the district courts under Section 35, supra, and that the Seventeenth Judicial District Court was without jurisdiction in the criminal prosecution against the relator, so far as the same was for the desertion and nonsupport of his minor'children.
 

 It happens that this ruling will afford no substantial or permanent relief to the relator as he may be subjected to prosecution in the juvenile court in the same parish for the desertion and/or nonsupport of his minor children and even to further prosecution in the district court— all in the same parish — for the desertion and nonsupport of his wife. Nevertheless, we must follow the principle that no person, whether a citizen of Louisiana or a stranger within our gates, can be subjected to prosecution in our courts or be deprived of his liberty except in accordance with the Constitution and laws of the State.
 

 For the reasons assigned, the conviction, the sentence, and the order to pay alimony are annulled; the proceedings against the defendant, in So far as the charge relates to his minor children, are dismissed; all without prejudice to the State’s rights to further proceedings consistent with the views herein expressed.