917 So.2d 1178 (2005)
EAGLE PACIFIC INSURANCE COMPANY
v.
SUNBELT INNOVATIVE PLASTICS, INC.
No. 05-CA-270.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*1179 Ambrose V. McCall, Ashley E. Gilbert, Deutsch, Kerrigan & Stiles, New Orleans, Louisiana, for Plaintiff/Appellee.
Richard B. Eason, II, Adams and Reese, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, JUDGE.
Eagle Pacific Insurance Company ("Eagle Pacific") filed suit Sunbelt Innovative Plastics, Inc. ("Sunbelt"), alleging that Sunbelt failed to pay sufficient premiums on a worker's compensation policy for two years. Sunbelt, in its answer to the petition, raised the affirmative defense of offset, arguing that it had overpaid on the policy.
Eagle Pacific filed a motion for summary judgment, which Sunbelt opposed, in part, on the grounds that discovery had not been completed. The motion for summary judgment was denied by the trial court.
Almost two years later, Eagle Pacific reurged its motion for summary judgment. Prior to the argument on the motion, Sunbelt filed a reconventional demand, seeking return of overpaid premiums.
Argument was held on May 10, 2004, on the reurged motion for summary judgment. At its conclusion the trial court again denied the motion. The denial is reflected in the minute entry of the hearing date.
On May 13, 2004, the trial court on its own motion reversed its previous ruling and granted the motion for summary judgment. On June 2, 2004, the trial court again rendered a second judgment, granting summary judgment and awarding monies to plaintiff. On May 14, 2004, after the first judgment granting the new trial, Eagle Pacific filed its answer to the reconventional demand.
*1180 Sunbelt filed a motion for new trial from the grant of summary judgment, which was denied by the trial court. This appeal followed.
Sunbelt first alleges that the trial court erred in its sua sponte rendition of summary judgment.
While the trial court did not specifically designate his rulings as such, his actions in granting the motion for summary judgment without additional motions from the parties is akin to the granting of a new trial. The Louisiana Code of Civil Procedure allows the court to grant a new trial on its own motion. LSA-C.C.P. art. 1971 provides that:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
The trial court has the authority to grant a new trial without a contradictory hearing. Simons v. Simons, 96-832 (La. App. 5 Cir. 4/9/97), 694 So.2d 999.
Once having granted the new trial, the court should have assigned the matter for hearing. La. C.C.P. art.1977 provides that "When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court." Courts have provided that no hearing is necessary when the new trial is granted for reargument only, and when the arguments have been made at the hearing on the motion for new trial. Russell v. McDonald's Corp., 576 So.2d 1213 (La.App. 5 Cir.1991). In this case, there was no hearing on the court's grant of new trial, and on the new trial itself. We find that the trial court erred in reversing its decision without argument.
For the above discussed reasons, the decision of the trial court granting the motion for summary judgment is vacated and set aside, and the matter is remanded for further proceedings.
VACATED AND SET ASIDE; REMANDED.