STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-628


A.M.C., ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. A-20130052
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

**JULY 10, 2015 JUDGMENT VACATED AND SET ASIDE; JULY 25, 2016 JUDGMENT VACATED AND SET ASIDE; EXCEPTION OF RES JUDICATA SUSTAINED; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED.**

**Patricia Hill Wilton**
**Assistant Attorney General**
**Jessica Thornhill**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Devin George, Registrar of Vital Records**
    **Tim Barfield, Sec of State, Dept of Revenue**
    **James D. "Buddy" Caldwell, former La. Atty General**

**Stuart Kyle Duncan**
**Special Assistant Attorney General**
**1629 K Street NW, #300**
**Washington, DC 20006**
**(202) 508-1473**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Tim Barfield, Secretary of State, Department of Revenue**
    **Devin George, Registrar of Vital Records**
    **James D. "Buddy" Caldwell, former Louisiana Attorney General**

**Jeffrey K. Coreil**
**Jennie P. Pellegrin**
**Carolyn C. Cole**
**NeunerPate**
**P. O. Drawer 52828**
**Lafayette, LA 70505**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Tim Barfield, Secretary of State, Department of Revenue**
    **Devin George, Registrar of Vital Records**
    **James D. "Buddy" Caldwell, former Louisiana Attorney General**

**Paul R. Baier**
**4222 Hyacinth Ave.**
**Baton Rouge, LA 70808**
**(225) 364-4647**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **C.S.B.**
    **A.M.C.**

**Joshua S. Guillory**
**317 E. University Ave.**
**Lafayette, LA 70503**
**(337) 233-1303**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **A.M.C.**
    **C.S.B.**

**EZELL, Judge.**

The essential issue in this same-sex marriage, intrafamily adoption case is whether attorney fees and costs were properly awarded following remand of the case to the district court from the supreme court. The Defendants filed an appeal from a judgment of the district court denying their motions to annul judgments rendered on July 10, 2015, and July 25, 2016. They ask for a reversal of the award of attorney fees and costs granted to the Plaintiffs, or in the alternative, an adjustment of the amounts awarded. Lastly, the Defendants claim that the district court erred in failing to grant the Attorney General's exception of no cause of action.

### FACTS

C.S.B. gave birth to a son, N.B., on August 1, 2004.[1] A.M.C. and C.S.B., a same-sex couple, were lawfully married in Los Angeles, California on August 8, 2008. On July 12, 2013, the Plaintiffs filed a petition for intrafamily adoption asking that the child's stepmother, A.M.C., be allowed to adopt N.B. The Plaintiffs filed an amending petition asking that the Louisiana Attorney General be served with the amending petition so that they can have due process and their marriage be afforded full faith and credit. This was based on the fact that the Attorney General issued an advisory opinion that Louisiana was not required to recognize an adoption by a same-sex couple who were married in a state that recognizes same-sex marriage.

The district court entered a judgment on January 27, 2014, granting the adoption. The Attorney General filed a suspensive appeal to this court. This court found that the district court erred in holding a hearing on the matter without

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5–1 and 5–2, the initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding.

notifying the Attorney General, since the Attorney General made an appearance in the case and requested notice. *In re Adoption of N.B.*, 14-314 (La.App. 3 Cir. 6/11/14), 140 So.3d 1263. This court vacated the judgment of adoption and remanded the case to the district court for a hearing on all issues raised by the parties.

Following remand, the Plaintiffs added the Attorney General, the Governor, the Secretary of the State of Louisiana Department of Revenue, and the Louisiana State Registrar as defendants in supplemental and amending petitions. In their second supplemental and amending petition, the Plaintiffs added a claim that the Defendants violated their civil rights pursuant to 42 U.S.C. § 1983.

The Attorney General and the Governor filed an exception of no cause of action. The parties also filed cross motions for summary judgment. A hearing on these matters was held on September 15, 2014. The district court granted the Governor's exception of no cause of action but denied the Attorney General's exception of no cause of action. The district court also denied the Defendants' motion for summary judgment. In granting the Plaintiffs' motion for summary judgment, the district court declared Louisiana Constitution Article XII, § 15, the Defense of Marriage Act, and La.Civ.Code arts. 86, 89, and 3520(B) unconstitutional, finding these laws violated the Due Process and Equal Protection Clauses of U.S. Const. amend. XIV and the Full Faith and Credit provision found in U.S. Const. art. IV, § 1. The district court further ruled that Louisiana's Revenue Bulletin No. 13-024 (9/13/13) was unconstitutional and ordered the Secretary of the Department of Revenue to allow the Plaintiffs to file their state tax returns as a couple whose marriage is valid and recognized in Louisiana. Additionally, Louisiana was ordered to recognize the Plaintiffs' marriage, validly

contracted in California, as lawful in this state. Judgment was signed on September 24, 2014.

Another judgment was also signed on September 24, 2014, reaffirming its previous judgment of intrafamily adoption. The district court ordered the Registrar of Vital Records to issue a new birth certificate listing A.M.C. as N.B.'s mother. The Defendants, except for the Governor who was dismissed on the exception of no cause of action, filed a suspensive appeal of both judgments to the supreme court.

After the appeal, the United States Supreme Court issued its opinion in *Obergefell v. Hodges*, ___ U.S. ___, 135 S.Ct. 2584 (2015), which held that same-sex couples may not be deprived of the fundamental right to marry under the Due Process and Equal Protection Clauses of the United States Constitution. U.S. Const. amend. XIV. The Supreme Court further held that states must recognize lawful same-sex marriages performed in other states.

Subsequently, the federal district court in *Robicheaux v. Caldwell*, 791 F.3d 616 (5th Cir. 2015), held that La.Const. art. XII, § 15 and La.Civ.Code arts. 89 and 3520(B) were in violation of U.S. Const. amend XIV, and enjoined the State of Louisiana and its officials from enforcing those provisions as well as Louisiana's Revenue Information Bulletin No. 13-024.

Following these rulings, the supreme court ruled that the Plaintiffs in the present case had received all the relief they requested in their motion for summary judgment and dismissed the Defendants' appeal as moot. *A.M.C. v. Caldwell*, 14-2090 (La. 7/7/15), 167 So.3d 619. The case was remanded to the district court for further proceedings.

After remand, the Plaintiffs presented a judgment to the district court which reaffirmed the September 2014 judgment of the district court and once again

3

reiterated the provisions from the two previous judgments. However, this judgment also awarded costs, expenses, and reasonable attorney fees pursuant to 42 U.S.C. § 1988, as prayed for by the Plaintiffs in their second supplemental and amending petition and requested in their motion for summary judgment. A hearing on the amount of attorney fees to be awarded was set for August 3, 2015. The Defendants objected to this judgment, which was signed on July 10, 2015. The Defendants then filed a motion to annul and vacate the July 10, 2015 judgment or, in the alternative, for a new trial. The Plaintiffs filed a motion for attorney fees and costs on July 22, 2015, attaching affidavits from their two attorneys regarding their time spent on the case.

A hearing on these matters was held on May 9, 2016 before a pro tem judge. Following the hearing, the pro tem judge entered a written "Minute Entry" into the record. He signed the minute entry on May 19, 2016, which was served on all counsel of record. The pro tem judge denied Plaintiffs' request for attorney fees and costs. The pro tem judge affirmed the remainder of the July 10, 2015 judgment.

On May 25, 2016, the district judge originally assigned to the case signed a judgment dismissing Plaintiffs' claims in their motion for summary judgment as moot following the dictates of the supreme court. He also reinstated the previous order of September 24, 2014, granting the intrafamily adoption. The district judge then ordered that the parties file contradictory motions regarding costs, expenses, and attorney fees.

The Plaintiffs filed a motion to amend this judgment on June 7, 2016. The district court then entered judgment on July 25, 2016, denying Plaintiffs' request for attorney fees and costs pursuant to the minute entry of the pro tem judge and vacated the judgment rendered on May 25, 2016. On July 26, 2016, Plaintiffs filed

4

a motion for new trial. Defendants filed a petition to annul and vacate the July 25, 2016 judgment or, in the alternative, for a new trial.

On March 20, 2017, the district court held a hearing on both of Defendants' motions to annul and vacate or for a new trial of the July 10, 2015 and July 25, 2016 judgments. The court also considered Plaintiffs' motion for attorney fees and costs. The district court denied both of Defendants' motions and granted Plaintiffs' motion. Defendants were ordered to pay attorney fees to Paul Baier in the amount of $51,790.30 and to Joshua Guillory in the amount of $61,357.61. Defendants were also cast with all court costs. It is from this judgment that Defendants filed the present appeal.

## JURISDICTION

Defendants claim that the district court lacked jurisdiction to rule on Plaintiffs' claims for declaratory and injunctive relief and for a violation of 42 U.S.C. § 1983, including an action for attorney fees and costs pursuant to 42 U.S.C. § 1988. Defendants claim that the district court had jurisdiction over the adoption proceeding only and any judgment over any other non-juvenile matter was null and void and should be vacated.

Pursuant to La.Const. art. V, § 16(A), original jurisdiction of all civil and criminal matters is vested in district courts. As noted by the supreme court in footnote 9 in *Pope v. State*, 99-2559, p. 6 (La. 6/29/01), 792 So.2d 713, 717, "district courts have either exclusive or concurrent original jurisdiction in any civil or criminal matter, except when the Constitution itself vests jurisdiction in another tribunal." There is constitutional authority for the legislature to divest the district courts of original jurisdiction and provide for jurisdiction in juvenile and family courts. La.Const. art. V, § 18; *Pope*, 792 So.2d 713; *McCann v. McCann*, 11-2434 (La. 5/8/12), 93 So.3d 544.

In the present case, the legislature has not acted to vest original jurisdiction in a juvenile court in Lafayette Parish. Pursuant to La.Ch.Code art. 302(2), the district court in Lafayette Parish still has original juvenile jurisdiction and the authority to hear adoption proceedings pursuant to La.Ch.Code art. 303(A)(7).

Defendants argue that specialized juvenile courts, as courts of limited jurisdiction, lack authority to decide other claims for relief such as the claims asserted by Plaintiffs for attorney fees and costs pursuant to their 42 U.S.C. § 1983 action. They claim that La.Dist.Ct.R. 40.2 and existing jurisprudence limit a district court's jurisdiction to concurrently decide anything other than Plaintiffs' adoption request. However, what Defendants fail to appreciate is that the district court is not a court of limited jurisdiction but a court with "broad jurisdiction in all matters." *Welborn v. 19th Judicial Dist. Court*, 07-1087, 07-1202, p. 11 (La. 1/16/08), 974 So.2d 1, 8.

We recognize that *Pierre v. Pierre*, 04-1496 (La.App. 1 Cir. 12/30/04), 898 So.2d 419, held that a district court sitting as a district court cannot entertain jurisdiction of cases cognizable only in the juvenile court, even though there is no separate juvenile court. However, that case relied on *State v. Laborde*, 233 La. 556, 97 So.2d 393 (1957), cited by the Defendants, which relied on La.R.S. 13:1561-13:1592, which was repealed by Acts 1978, No. 172, effective January 1, 1979, when the Code of Juvenile Procedure was adopted. Prior law provided:

> By Act 82 of 1950 the Legislature substituted a new Chapter 6 of Title 13 of the Revised Statutes (R.S. 13:1561—1592) reenacting a general law governing all juvenile courts in the State. That law provides that, when the district judge is serving as judge of the Juvenile Court for any parish in his district, he shall be known as the judge of the Juvenile Court of such parish and all official acts performed by him shall be acts of the Juvenile Court of such parish (see R.S. 13:1562); that said juvenile courts shall be in continuous session and "All sessions of said courts shall be held separate and apart from the sessions of all other courts * * *" (see R.S. 13:1584); that the court shall make and keep records of all cases brought before

6

it (see R.S. 13:1586) and that the judge of the court may employ such stenographic, secretarial and other personnel as may be deemed necessary to make the functions of the court effective and provide adequate services (see R.S. 13:1587).

Thus it is seen that, although the judge of the district court is ex-officio judge of the juvenile court, the court itself is distinct and functions separately and apart from the district court. Accordingly, when he is sitting as a district judge in sessions of the district court, the judge cannot entertain jurisdiction of cases cognizable in the juvenile court. *State v. Kiffe,* 210 La. 863, 28 So.2d 459. See *State v. Hilaire*, 216 La. 972, 45 So.2d 360 and compare *State v. Tanner*, 224 La. 374, 69 So.2d 505.

*Laborde*, 97 So.2d at 395-96 (alteration in original). No similar provision was adopted in the Code of Juvenile Procedure. Therefore, *Pierre*, 898 So.2d 419, relies on law that was outdated.

A district court has juvenile jurisdiction unless the legislature divests it of such. By creating specialized juvenile and family courts in some parishes, the legislature has not limited the jurisdiction of district courts in other parishes where there are no specialized juvenile and family courts. Furthermore, there is no statute which limits jurisdiction of district courts to decide other matters between the parties before it when acting as a juvenile court. We find that the district court had jurisdiction to decide both the adoption matter and the constitutionality claims.

## JULY 25, 2016 JUDGMENT

Defendants argue that it was procedurally improper for the district court to enter the July 25, 2016 judgment, which vacated the May 25, 2016 judgment, and therefore, it should be annulled or vacated. Defendants claim that the Plaintiffs did not file a petition for nullity, a motion for new trial, or an appeal challenging the judgment, but simply filed a motion to amend the judgment. On the other hand, Plaintiffs claim that even though their petition was styled as a motion to amend, it should be treated as a motion for new trial because the substance of the motion itself was to ask for a new trial.

7

The May 25, 2016 judgment contained the following language:

> **IT IS FURTHER ORDERED** that the Court's previous order of September 24, 2014, granting an intrafamily adoption to petitioner **ANGELA MARIE COSTANZA** under Louisiana Children's Code Article 1243 with respect to the minor child at issue in this matter, is hereby reinstated.
>
> **IT IS FURTHER ORDERED** that the parties will file contradictory motions regarding whether any costs, expenses, or attorneys fees should be awarded in this matter. The Court will determine a briefing schedule in accordance with the law and local rules.
>
> **THIS DONE AND SIGNED**, in Lafayette, Louisiana this 25th day of May, 2016.

Plaintiffs' motion to amend asked the court to amend the judgment for the specific and limited purposes of:

> (1) clarifying the following excerpt found on page 4 of the judgment in order to resolve the parties' uncertainty about which provision(s) of the judgment to which the word "MOOT" applies and the meaning and/or effect thereof; and (2) recognizing that the Petitioners' Motion for Attorneys' Fees and Costs on Remand from the Louisiana Supreme Court No. 20154-CA-2009 (July 7, 2015) was heard by Judge Cox on May 9, 2016 but the disposition of which remains to be received[.]

The hearing on the motion to amend indicates that Defendants were presented with the July 25, 2016 judgment at the hearing. The proposed judgment was not circulated prior to the hearing. The district court then signed the July 25, 2016 judgment, which provided:

8

Considering the minute entry filed by ad hoc Judge Ronald Cox on May 19, 2016 and Plaintiffs' pending motion to amend the phraseology of the May 25, 2016 judgment signed in this matter:

**IT IS ORDERED** that Petitioners' request for attorney's fees and costs are hereby denied pursuant to the minute entry entered in the record of this proceeding on May 19, 2016, by the honorable ad hoc Judge Ronald Cox.

**IT IS FURTHER ORDERED** that the *Judgment* signed by this Honorable Court on May 25, 2016 is hereby vacated, nullified, and not a judgment of this Honorable Court.

**IT IS FURTHER ORDERED** that, because the May 25, 2016 judgment rendered in this matter is now vacated, Petitioners' pending motion entitled "*Petitioners' Motion for Amendment of Judgment*" is dismissed as moot.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 25th day of July, 2016.

"Substantive amendments to judgments can be made only by consent of the parties or after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal." *Greene v. Succession of Alvarado*, 15-1960, p. 29 (La.App. 1 Cir. 12/27/16), 210 So.3d 321, 339. "Otherwise, a trial court lacks authority to make any modifications of substance to a final judgment." *Id.* "When the substance of a judgment has been improperly amended, the amending judgment is annulled and set aside, and the original judgment is reinstated." *Id.*

"[T]he characterization of a pleading by the litigant is not controlling." *Id.* "Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties." *Id.*; La.Code Civ.P. art. 865. "A pleading is considered a motion for new trial if it requests a substantive modification of the judgment and is filed within the delays applicable to a motion for new trial." *Greene*, 210 So.3d at 339.

9

In *Denton v. State Farm Mutual Automobile Insurance Co.*, 08-483, p. 7 (La. 12/12/08), 998 So.2d 48, 53, the supreme court observed that "there is no specific grant of statutory authority for a trial court to clarify substantive provisions of a final judgment." The supreme court then went on to state that a motion for new trial would be an appropriate motion to ask for clarification of judgment.

We find that the substance of Plaintiffs' motion was a motion for new trial. Defendants argue that if the motion is considered a motion for new trial, the procedural requirements were not met. Specifically, Defendants claim that there was no hearing on a motion for new trial as the judgment was signed in the absence of any contradictory hearing.

"When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court." La.Code Civ.P. art. 1977; *Eagle Pacific Ins. Co. v. Sunbelt Innovative Plastics, Inc.*, 05-270 (La.App. 5 Cir. 11/29/05), 917 So.2d 1178.

At the hearing on the motion to amend the judgment, the district court was presented with a judgment signed by the Plaintiffs. Defendants objected, having never received notice of the judgment. No hearing regarding Plaintiffs' motion was held.

We find no hearing was held on the new trial itself. The district court erred in signing the July 25, 2016 judgment without argument. Therefore, we vacate and set aside the July 25, 2016 judgment.

## JULY 10, 2015 JUDGMENT

Defendants claim that the July 10, 2015 judgment should be annulled because it was unnecessary for Plaintiffs to submit another judgment on remand. They received the relief they requested when the supreme court dismissed Defendants' appeal as moot. Defendants further argue that any judgment rendered

10

subsequent to the supreme court's ruling should not have included an award for attorney fees and costs because the September 24, 2014 judgment granting Plaintiffs' motion for summary judgment awarded no such relief.

Plaintiffs' second supplemental and amending petition added a claim for violation of 42 U.S.C. § 1983 and requested attorney fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs' motion filed on August 4, 2015, requested summary judgment on all issues in addition to specifically requesting attorney fees and costs. Plaintiffs' memorandum in support of their motion for summary judgment claimed that Defendants were in violation of 42 U.S.C. § 1983 and that they were entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988. The Secretary of the Department of Revenue and the Louisiana State Registrar also sought summary judgment, upholding the constitutionality of Louisiana's laws. A judgment was signed by the district court on September 24, 2014, granting Plaintiffs' motion for summary judgment and denying Defendants' motion for summary judgment. The district court specifically declared La.Const. art. XII, § 15 and La.Civ.Code arts. 86, 89, and 3520(B) unconstitutional. The judgment further enjoined the State of Louisiana from enforcing these laws insofar as they prohibited a person from marrying a person of the same sex. The judgment also declared Louisiana's Revenue Bulletin No. 13-024 unconstitutional and ordered the Secretary of the Department of Revenue to allow Plaintiffs to file their state tax returns as a couple whose marriage is valid and recognized in the State of Louisiana. The judgment further ordered the State of Louisiana to recognize that Plaintiffs' marriage was validly contracted in California and entitled to full faith and credit. No mention of attorney fees was made at the hearing, and the judgment made no mention of attorney fees.

11

In *Ken Lawler Builders, Inc. v. Delaney*, 36,865 (La.App. 2 Cir. 3/5/03), 840 So.2d 672, the second circuit was presented with a case concerning very similar circumstances. A property owner filed suit against lessees to recover rents, costs, interest, and attorney fees due to repudiation of a lease. The property owner moved for summary judgment, which was granted by the trial court. Although the property owners sought attorney fees in its petition, the judgment did not award or mention attorney fees. While an appeal on the grant of summary judgment was pending, the property owner filed a motion for attorney fees. Defendants filed a motion to dismiss, claiming that the appeal divested the trial court of jurisdiction. The trial court denied the motion and awarded attorney fees.

The second circuit recognized that "[s]ummary judgment is a definitive judgment and will support plea of *res judicata*." *Id.* at 674. "When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment." *Id.* The second circuit concluded that there was no reservation of the attorney fees for future adjudication and applied "the principle that a demand not granted or reserved in the judgment must be considered as rejected." *Id.* at 675. The court then held that "[t]he legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of *res judicata* against subsequent suit for such part of the demand." *Id.*

Following *Ken Lawler*, this court held that silence in two judgments after a hearing constituted a denial of a claim for penalties and attorney fees. *Lowery v. Jena Nursing & Rehab. Ctr.*, 14-1106 (La.App. 3 Cir. 12/23/14), 156 So.3d 216.

In *Siemens Water Technologies Corp. v Revo Water Systems, LLC*, 13-631 (La.App. 3 Cir. 1/8/14), 130 So.3d 473, this court concluded that exceptional circumstances justified relief from the *res judicata* effect of prior judgment to

allow an award of attorney fees after remand. The fact that the trial court addressed and granted the claim for attorney fees at a hearing and reserved the issue in its judgment created the exceptional circumstances.

In the present case, exceptional circumstances do not exist. Although Plaintiffs raised the issue of attorney fees and costs in both their motion for summary judgment and memorandum, the issue was neither raised at the hearing nor reserved in the judgment. Plaintiffs did not even raise the issue when an appeal was filed by Defendants to the supreme court.

We find that the July 10, 2015 judgment was an attempt by the Plaintiffs to get attorney fees and costs. It was not necessary for the district court to enter a new judgment on July 10, 2015. Once the supreme court dismissed the appeal as moot, the September 24, 2014 judgment was effective and final. "Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment." *Ken Lawler Builders, Inc.*, 840 So.2d at 674. Therefore, the district court had no jurisdiction to render the July 10, 2015 judgment, which awarded attorney fees and costs. Accordingly, we vacate and set aside the July 10, 2015 judgment.

### AWARD OF ATTORNEY FEES AND COSTS

The Defendants claim that the trial court erred in awarding attorney fees and costs. We agree. Based on our above discussion, we find that Plaintiffs' claims for attorney fees and costs are barred by *res judicata* under La.R.S. 13:4231.

"After a final judgment, *res judicata* bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit." *Ken Lawler Builders*, 840 So.2d at 674. "This promotes judicial efficiency and final resolution of disputes . . . . [because] a party had the opportunity to raise a claim in the first adjudication, but failed to do so." *Id.*

The Plaintiffs raised the issue of attorney fees and costs in their motion for summary judgment. No mention of this issue was raised at the hearing on the matter. Furthermore, the judgment did not include a reservation of the right to address the issue later. Finally, the Plaintiffs did not appeal the failure of the trial court to address the issue when the case was appealed to the supreme court.

Therefore, pursuant to La.Code Civ.P. art. 927(B), we render judgment sustaining the peremptory exception of *res judicata*, on our own motion. As such, we reverse the trial court judgment awarding attorney fees to the Plaintiffs.

## NO CAUSE OF ACTION

The Attorney General claims that the district court erred in failing to sustain his exception of no cause of action. He argues that La.Code Civ.P. art. 1880 requires only that the Attorney General be served with a copy of the proceeding and afforded an opportunity to be heard, and not that he be joined as an actual party.

The function of the peremptory exception of no cause of action as authorized by La.Code Civ.P. art. 927(A)(5) is to "test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts" that are alleged in the petition. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La.1993). Because the peremptory exception of no cause of action "raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition[,]" we review the grant of the exception under a de novo standard. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10–2264, p. 9 (La. 5/10/11), 63 So.3d 940, 946.

This court addressed this very issue in *Stelly v. Ieyoub*, 01-755, p. 4 (La.App. 3 Cir. 10/31/01), 799 So.2d 1206, 1209, stating:

14

It is clear, not only from the statute, but also from the discussion in *Vallo* [*v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859], that the attorney general has the discretion whether to appear in a suit questioning the constitutionality of a statute. If a plaintiff is permitted to name the office as a party, in what appears to be at least partially a declaratory judgment action, the attorney general would no longer have the discretion whether to appear, undermining the statutory scheme. Accordingly, there was no error in the trial court's determination that no cause of action existed against the attorney general.

The only reason the Attorney General is involved in this case is because the constitutionality of several state laws was at issue. We find that the district court erred in denying the Attorney General's exception. Accordingly, we reverse the district court judgment denying the Attorney General's exception of no cause of action.

For the reasons expressed in this opinion, we vacate and set aside the July 10, 2015 judgment and the July 25, 2016 judgment. We sustain the peremptory exception of *res judicata*, properly noticed on our own motion, and reverse the trial court's award of attorney fees and costs. We also reverse the district court judgment denying the Attorney General's exception no cause of action. We sustain the exception of no cause of action and dismiss the Plaintiffs' demands against the Attorney General. Costs of this appeal are assessed to the Plaintiffs.

**JULY 10, 2015 JUDGMENT VACATED AND SET ASIDE; JULY 25, 2016 JUDGMENT VACATED AND SET ASIDE; EXCEPTION OF RES JUDICATA SUSTAINED; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED.**