STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-207

TIMOTHY BATISTE

VERSUS

MINERALS TECHNOLOGY, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 17-02865
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.

**AMENDED JANUARY 19, 2024 JUDGMENT VACATED; FEBRUARY 27, 2023 JUDGMENT VACATED; CASE REMANDED.**

**Michael B. Miller**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, LA  70527-1630**
**(337) 785-9500**
**COUNSEL FOR CLAIMANT/APPELLANT:**
    **Timothy Batiste**

**Alan G. Brackett**
**Simone H. Yoder**
**Katie L. Fox**
**Mouledoux, Bland, Legrand & Brackett, LLC**
**701 Poydras Street, Suite 600**
**New Orleans, LA  70139**
**(504) 595-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Minerals Technology, Inc.**

**PERRET, Judge.**

In this workers' compensation case, Timothy Batiste ("Mr. Batiste") appeals the amended January 19, 2024 judgment of the Workers' Compensation Judge ("WCJ"), which granted Minerals Technology, Inc.'s ("Minerals Technology") motion to modify a February 27, 2023 judgment due to errors in calculation and denied Mr. Batiste's third motion for penalties and attorney fees. For the following reasons, we vacate and set aside the amended January 19, 2024 judgment upon finding that the amendment substantially changed the February 27, 2023 judgment and materially affected the parties. Additionally, pursuant to La.Code Civ.P. art. 2164, which authorizes this court to "render any judgment which is just, legal, and proper upon the record on appeal[,]" we also vacate and set aside the February 27, 2023 judgment, which both parties agree was based on insufficient evidence and errors in calculation, and remand this matter to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY:**

Mr. Batiste injured his back on April 13, 2017, while in the course and scope of his employment with Minerals Technology. On June 13, 2017, the claim was accepted as compensable and medical treatment was authorized, but no indemnity benefits were paid due to a dispute over Mr. Batiste's ability to return to work.

On January 9, 2020,[1] the WCJ issued a judgment in favor of Mr. Batiste finding that he was "entitled to supplemental earning benefits from April 21, 2017 to date, as well as medical benefits." The judgment also awarded a $2,000.00 penalty for Minerals Technology's failure to provide medical treatment and

---

[1] The judgment is dated January 9, 2019; however, this is a typographical error as the hearing for the judgment was held on October 2, 2019, indicating that the judgment was issued in January 2020.

$5,000.00 in attorney fees. Penalties and attorney fees related to Minerals Technology's failure to pay indemnity benefits were denied.

Minerals Technology paid a total of $92,534.10 to Mr. Batiste on February 7, 2020, in satisfaction of the January 9, 2020 judgment. Specifically, this included indemnity benefits of $585.85 per week from April 21, 2017, through February 7, 2020, amounting to $85,534.10 as well as payment of the $2,000.00 penalty and $5,000.00 in attorney fees that were awarded in the January 2020 judgment.

From February 10, 2020, through June 14, 2020, Minerals Technology paid weekly indemnity payments in the amount of $585.85 to Mr. Batiste, which totaled $10,545.30. However, on June 15, 2020, Minerals Technology terminated Mr. Batiste's benefits due to his failure to update his medical records.

On February 27, 2020, Mr. Batiste appealed the January 9, 2020 judgment; however, on May 5, 2021, this court dismissed the appeal upon finding that the judgment lacked the "appropriate decretal language." *Batiste v. Minerals Technology, Inc.*, 20-327 (La.App. 3 Cir. 7/14/21), 319 So.3d 396. On remand, the WCJ issued a new judgment on September 28, 2021, in favor of Mr. Batiste and against Minerals Technology, awarding him: (1) "supplemental earnings benefits beginning April 21, 2017 at the rate of $585.85 per week until modified, bearing legal interest at the rate of 4.25% per annum from the date of each indemnity is due until paid[;]" (2) reimbursement of medical treatment/expenses Mr. Batiste sought to recover "bear[ing] legal interest at the rate of 4.25% from date expense is incurred until paid[;]" (3) "$2,000 in penalties for failure to provide medical treatment and $5,000.00 in attorney fees, plus legal interest at the rate of 4.25% per annum from the date of judgment." The September 28, 2021 judgment, once again, denied Mr. Batiste's request for penalties and attorney fees related to Minerals Technology's

2

failure to pay indemnity benefits.  On November 3, 2021, Mr. Batiste appealed the September 28, 2021 judgment, requesting additional penalties and fees.

On appeal, this court issued an opinion on June 8, 2022, which affirmed it as amended, and rendered judgment in Mr. Batiste's favor.  Specifically, this court stated, as follows:

> [T]he judgment awarded by the Workers' Compensation Judge is amended to award a $2,000 penalty for Minerals Technology, Inc.'s failure to approve Batiste's choice of physician; increase the $2,000 penalty for Minerals Technology, Inc.'s failure to timely reimburse Batiste's medical expenses to $6,000; increase the $5,000 award of attorney fees to $46,800; award legal interest on the penalties awarded or increased herein; and award legal interest on the award of attorney fees from the date of the WCJ's judgment until paid.  All costs are assessed to Minerals Technology, Inc.

*Batiste v. Minerals Technology, Inc.*, 21-795, p. 18 (La.App. 3 Cir. 6/8/22), 344 So.3d 193, 205.

On October 14, 2022, Mr. Batiste filed a Motion and Order for Penalties and Attorney Fees, arguing that: (1) Minerals Technology "never fully paid" the January 9, 2020 judgment; (2) Minerals Technology "has made no payments" on the second judgment, rendered on September 28, 2021;[2] (3) Minerals Technology "has made no payments toward the June 8, 2022 judgment[;]" and Minerals Technology "made no indemnity payments since June 14, 2020."  Thus, Mr. Batiste alleges that he "is entitled to all back due benefits, penalties for each violation and reasonable attorney's fees for the prosecution of this claim."

On January 30, 2023, Mr. Batiste filed an Amended Motion and Order for Penalties and Attorney Fees, further alleging that "Mr. Batiste sent request for

---

[2] Although Mr. Batiste's motion states that the second judgment was rendered on September 2, 2021, the record indicates that the signed judgment was rendered on September 28, 2021.

payment of mileage on September 14, 2022[3] and November 11, 2022,[4] [neither] of which has been paid" and that "Minerals Technology, Inc. has never paid the medicals alleged in the judgments of [2020] and 2021 or has never paid the $5,000 attorney fee or $41,820 attorney fee rendered on the judgment of [2020] and 2021."

On February 22, 2023, the WCJ held a hearing on the Motion for Penalties and Attorney Fees. The only exhibits entered into the record were filed by Mr. Batiste's counsel, which included (1) the amounts allegedly owed by Minerals Technology, (2) Mr. Batiste's counsel's court costs ledger, and (3) correspondence between the parties. Although Mr. Batiste's counsel argues that Minerals Technology's counsel admitted that his figures of what was owed were correct, the transcript indicates that Minerals Technology's counsel did not admit that Mr. Batiste's counsel's numbers were accurate. Specifically, the record from the hearing provides, in pertinent part:

MR. MILLER [counsel for Mr. Batiste]:

And Judge, I'm going to give you my copy with the calculation, but I'm going to write the total.

Judge, my understanding is that the defendants admitted that these figures are correct, and that is what they owe except for the one as to the court costs, which I gave you this morning, and I don't think they would have an objection to that. Therefore, we are asking the judgment –

Am I correct on that?

MS. ROYCE [counsel for Minerals Technology]:

What? I'm sorry.

MR. MILLER:

---

[3] The September 14, 2022 request for mileage reimbursement amounted to $61.88.

[4] The November 11, 2022 request for mileage reimbursement amounted to $31.25.

4

You've agreed that you --

MS. ROYCE:

Yes.

MR. MILLER:

-- owe those numbers?

MS. ROYCE:

Well, I've agreed that this is your ledger. I haven't had a chance to double check it[.]

. . . .

MR. MILLER:

And your clients have agreed that these are the correct numbers that they owe?

MS. ROYCE:

That's what we're here for the Judge today to do, Mike, and I'm going to -- I'm going to talk about this shortly.

. . . .

MS. ROYCE:

Address the Judge, please. I'm about to -- I told you I couldn't make that statement on the record.

. . . .

MR. MILLER:

I'm trying to -- would you -- would you ask her if she agreed that she would get her clients to agree that these numbers were owed?

MS. ROYCE:

You haven't given me a chance to present my argument, Mike. I apologize, I'm not going to address you directly.

JUDGE PALERMO:

Ms. Royce, do you have an opposition?

MS. ROYCE:

Not so much an opposition, Your Honor, just a statement to make for the Court's purposes. The reason we're here today is on Mr. Miller's motion to enforce the opinion from the Court of Appeal, which revised and increased some of the penalties and additional items of damages awarded by this Court in our original trial.

We don't dispute, Your Honor, that the payment is late. Not that it is an excuse, but just by way of history, the opinion was issued in June or July. We did not receive it until Mr. Miller filed his motion to enforce in October. For reasons that are purely within our office and staffing changes, it did not make it onto my desk until December. I believe it was mailed at the end of October, and since then I have been trying to work with my clients to get the payment issued and get the -- get this resolved.

Mr. Miller did forward that Exhibit 1 to me the week before last, I believe, which I did provide to my clients. My understanding is that they're prepared to issue a payment in the amounts presented by Mr. Batiste -- presented by Mr. Miller. The position I'm trying to explain to Mr. Miller is that I'm not able to stipulate onto the record that those are correct, but I can say that my client is preparing to issue a payment based on those figures that he's calculated.

The issue, Your Honor, is that as I understood it, we were here today to talk about costs in relation to filing his motion to enforce and then also obtaining a copy of his costs so we can include those in the payment as well. I do have a copy of the costs which have been provided to me. Like I said, I don't have a reason to believe that these are incorrect, so we'll certainly include that with our payment and then the other item of damages, which was -- we were waiting on this Court to rule on since we couldn't reach an agreement here this morning shortly before court began, was Mr. Miller's attorney's fees in relation to bringing this motion to enforce.

So that's, as I understand it, what we would like the Court's guidance with. We understand that we need to pay the judgment and that the judgment is late, that there are penalties and attorney's fees and costs that go along with that. So we need the Court's assistance with that.

A judgment was rendered on February 27, 2023, which granted Mr. Batiste's motion and awarded him $320,117.40, the amount his counsel alleged was due. The judgment provided, in pertinent part:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Penalties and Attorney Fees is granted, in favor of Claimant, Timothy Batiste and against Defendant, Minerals Technology in the total amount of $320,117.40 (three hundred twenty thousand, one hundred and seventeen dollars and 40 cents) consisting of:

| 1) Indemnity | Interest-4.25% | 24% | Total |
|---|---|---|---|
| $166.129.00 | $19, 235.00 | $44,487.00 | $229, 851.00 |
| 2) Medical | | | |
| $3,482.00 | $488.00 | $8,000.00 | $11,970.00 |
| 3) Attorney's Fees | | | |
| $46, 800.00 | $6, 566.00 | $12,807.00 | $66,173.00 |
| 4) Penalties and Attorney Fees | | | $8,000.00 |

Termination Indemnity 06/15/20:

| 09/14/22 | $61.88 | 4.25% | $2,000.00 | $2,061.85 |
|---|---|---|---|---|
| 11/12/22 | $31.25 | 4.25% | $2,000.00 | $2,061.55 |
| Total............................................................. | | | | $320,117.40 |

Interest calculated through January 19, 2023. Additional interest due until paid for January 19, 2023 to date of payment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded $8,000.00 (eight thousand dollars) in attorney fees.

Neither party filed a motion for new trial, a timely appeal, or a petition for nullity following this February 27, 2023 judgment.

On May 8, 2023, Mr. Batiste filed a Second Amended Motion and Order for Penalties and Attorney Fees, stating that the February 27, 2023, judgment ordered Minerals Technology to pay "$320,117.40, plus interest in the amount of 4.25% from January 19, 2023 until date of payment" and that "Mr. Batiste is also entitled

to $8,000.00 in attorney fees, plus interest of 4.25% beginning February 27, 2023 until paid."

On July 7, 2023, Mr. Batiste filed a Third Amended Motion for Penalties and Attorney Fees stating, in pertinent part (emphasis added):

1.

Since the last amendment to this Motion for Penalties and Attorney Fees, **I noticed that Minerals Technology, Inc. had made a payment of $92,235.00 on February 10, 2020 which was not caught by counsel for Mr. Batiste.** The numbers were given to Minerals Technology, Inc. prior to the hearing and were also approved by Minerals Technology, Inc.'s attorney. Since Minerals Technology, Inc. was never given credit. Minerals Technology, Inc. was given a credit for $92,235.00.

2.

There were also two new requests for mileage not timely paid which are attached to this short memo sent on April 12 and 21, 2023 which have never been paid. Also, attached as Exhibit #3 are several pages of calculations as to amounts of benefits, interest (4.25%) and penalties (24%).

The WCJ set a hearing on the motion and "ordered the defendants, Minerals Technology . . . [to] show cause on the 18th day of July, at 9:00 o'clock a.m., why defendants should not pay court ordered benefits, penalties as well as reasonable attorney fees, all amounts with interest at the legal rate and court costs."

Prior to the hearing on July 18, 2023, Minerals Technology filed a Motion to Modify Judgment and Opposition to Claimant's Motion and Order for Penalties. In the motion, Minerals Technology noted that it had retained new counsel in June 2023 and that its new counsel quickly realized "the errors in calculation contained in the February 27, 2023 judgment" and "reached out to opposing counsel on or around June 14, 2023 to learn how the judgment was calculated and whether the parties could reach an agreement on what was actually owed." However, despite the parties agreeing that the February 27, 2023 judgment contained errors in calculation, the

parties could not agree on what was owed. Minerals Technology acknowledged that the February 27, 2023 judgment awarded Mr. Batiste "$320,117.40 for indemnity benefits, medical expenses and mileage, past attorney's fees, penalties and interest" and "awarded an additional $8,000.00 in additional attorney fees[,]" but that the judgment "contains multiple miscalculations regarding the amount of indemnity owed, penalties owed, and attorney fees owed." Minerals Technology argued that because of these miscalculations, "the interest and 24% penalty amounts ascribed within the judgment have also been miscalculated." Thus, Minerals Technology requested that the WCJ modify the February 27, 2023 judgment and calculate what is properly due.

The July 18, 2023 hearing transcript indicates that the parties acknowledged the miscalculations that were used in the February 27, 2023 judgment and Minerals Technology requested that the WCJ correct the numbers before addressing the additional penalties and attorney fees. The WCJ allowed Minerals Technology's exhibits one, four and five to be admitted for review and allowed Minerals Technology to proffer its exhibits two, three, six, and seven. The WCJ stated that he was going to review all the evidence and would do his own calculations because the parties had been before him multiple times. Specifically, the WCJ stated, as follows:

> I'm going to look at the evidence that was submitted today. This is going to require me to do math, which quite frankly, I'm not good at, but I'm going to do it. I'll review everything and I will issue a judgment after I have reviewed everything and done the calculations. I'm not going to promise you when that's going to be because quite frankly, I've got trials this week, and so I don't even know if I'm going to be able to really look at it until next week possibly. But I'll get something out to you as soon as possible.

On August 17, 2023, a judgment was rendered that awarded $2,000.00 in penalties and $2,000.00 in attorney fees to Mr. Batiste but the judgment did not discuss the prior miscalculations or the motion to modify.

On August 30, 2023, Minerals Technology filed a Motion and Order for Telephone Status Conference or Alternatively Motion for New Trial from the August 17, 2023 judgment arguing that "both Claimant's Motion for Penalties and Attorney Fees and Employer's Motion to Modify were discussed at the hearing on July 18, 2023" but that the WCJ only ruled on Mr. Batiste's motion for penalties and attorney fees. Thereafter, on September 7, the WCJ signed an order for new trial, scheduled for November 6, 2023, so that he could address both motions, Mr. Batiste's Third Motion for Penalties and Attorney Fees, filed on July 7, 2023, and Minerals Technology's motion to modify the judgment, which was filed prior to the hearing on July 18, 2023.

On October 25, 2023, Minerals Technology filed a pre-hearing brief and an updated motion to modify arguing that "even though Claimant's counsel credited $92,534.10 towards the February 27, 2023 judgment in his 'Updated Brief by Timothy Batiste[,]' he credited all of this towards past indemnity, even though $2,000.00 was paid towards penalties and $5,000.00 was paid towards fees." Minerals Technology further argued, as follows:

> Claimant's counsel neglected to include additional credit for the timely payment of weekly indemnity benefits made from February 10, 2023 to June 14, 2023 [which amounts to $10,545.30]. Claimant's counsel also added penalties and fees awarded from the Third Circuit's judgment to the January 9, 2020 judgment rather than increasing what was awarded in January 9, 2020 to what the Third Circuit awarded. Finally, due to the errors noted above, Claimant's counsel's penalties and interest calculations were inaccurate.

10

Minerals Technology argued that it "does not intend to alter the substance of any award, but requests that proper credit for the $103,079.40 that [it] already paid and proper calculation of penalties and interest based on the applied credit and judgment be awarded." After its prior payments are properly credited towards the February 27, 2023 judgment, Minerals Technology contended that it owes Mr. Batiste "$231,204.36 from the February 27, 2023 judgment" and that it "is prepared to pay this amount to satisfy the February 27, 2023 judgment."

On November 3, 2023, Mr. Batiste filed a pre-hearing brief arguing that the February 27, 2023 judgment is final and that "it is to [sic] late to put the evidence in the records." Mr. Batiste argued that Minerals Technology "never proved any payments were ever made to Mr. Batiste" and that the "problem is not an error in calculation, but a failure to put evidence into the record." Mr. Batiste argues that it was Minerals Technology's "job to prove [that it] paid the benefits." Mr. Batiste continued to argue that because the February 27, 2023 judgment is final, Minerals Technology owes him $370,828.00.[5]

After a hearing, the WCJ granted Minerals Technology's Motion to Modify Judgment and ruled that the proper amount due, on February 27, 2023, was $231,204.36. The January 19, 2024 judgment stated, in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Penalties and Attorney Fees is denied, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Penalties and Attorney Fees is denied, in favor of Defendant, Minerals Technology and against Claimant,

---

[5] Although the February 27, 2023 judgment awarded Mr. Batiste $320,117.40, counsel for Mr. Batiste added additional interest, penalties, and attorney fees through November 2, 2023, which he alleges amounts to $370,828.00.

Timothy Batiste and the Claimant is found to be in violation of La. R.S. 23:1208.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for [i]ndemnity benefits in the amount $94,321.85.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste in interest owed on indemnity in the amount of 21,393.94.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for Medical Benefits and interest in the amount of $561.39.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for attorney fees in the amount of $49,800.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for interest owed on attorney's fees in the amount of $6,504.58.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for penalties in the amount of $6,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for interest owed on penalties in the amount of $263.72.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for mileage reimbursement penalties in the amount of $4,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for interest owed on mileage reimbursement in the amount of $127.65.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Modify Judgment is granted, in favor of Defendant, Minerals Technology and against Claimant, Timothy Batiste for total amount owed from [February] 27, 2023 judgment in the amount of $231,204.36.

On January 22, 2024, the WCJ provided the following oral reasons for his ruling:

> The Court, after reviewing the evidence in this matter, finds that the motion to modify is justified. The Court notes that at the time of the hearing on this matter, Mr. Batiste failed to appear to testify in this case. The Court proceeded on the allegation by his attorney that Mr. Batiste did not need to be there, and that furthermore, he did not know anything about what was alleged in the motion for penalties and attorney's fees. The Court therefore proceeded with the hearing. Counsel for Mr. Batiste did not offer or introduce any exhibits in this matter. The Court admitted the exhibits filed on behalf of the defendant.

> After review of those exhibits and the arguments of counsel, the Court finds that the February 27, 2023, judgment was based on insufficient information, and therefore, the judgment should be modified as procured by ill-practice. The Court therefore grants the motion to modify judgment in this matter.

> The Court notes that this matter was decided in January 2020, and Claimant was awarded benefits. Since then[,] there have been multiple filings for penalties and attorney's fees. Claimant, in those filings and in his presentations to this Court, has made material misrepresentations for the purpose of receiving benefits by misstating the benefits that were paid and therefore misleading this Court concerning the calculation of penalties and attorney's fees. Claimant has alleged on multiple occasions that it is entitled to penalties and attorney's fees based on the failure to pay the judgment in this matter. Yet, Claimant has misrepresented to this Court the fact that payments were made pursuant to the judgment in this matter, and the claimant had, in fact, received those payments prior to the filing and the hearing on the motion for penalties.

> The Court therefore finds that the claimant has violated Louisiana Revised Statute[s] 23:1208 by making material misrepresentations for the purposes of receiving benefits in this case, and therefore forfeits any right to further benefits in this matter.

> It's one thing to make allegations concerning nonpayment of a judgment. It's another thing to appear at a hearing, fail to present evidence to this Court and fail to disclose to this Court that the figures

13

that are being presented to the Court are misleading and ultimately not accurate and therefore presenting a higher figure for the Court to base penalties and attorney's fees on.

The Court therefore denies the motion for attorney's fees and penalties based on Louisiana Revised Statute[s] 23:1208 and dismisses the claim for penalties and attorney's fees with benefits.

Mr. Batiste now appeals this judgment, alleging the following six assignments of error:

1. It was error for the Workers' Compensation Judge to deny Timothy Batiste's motions for penalties and attorney fees as Mr. Batiste was not in violation of LSA R.S. 23:1208.

2. The Trial Court erred in finding counsel for Timothy Batiste had a duty to disclose[] a $92,235.00 payment by Minerals Technology to Mr. Batiste on February 10, 2020, over three years prior to the February 22, 2023 hearing.

3. The Workers' Compensation Judge erred in modifying the February 27, 2023 judgment.

4. The Workers' Compensation Judge committed legal error in denying Mr. Batiste any further workers' compensation benefits under the February 27, 2023 judgment.

5. The Workers' Compensation Judge erred when he failed to award the full amount of the September 2, 2021, as amended by the Court of Appeal, as shown by the February 27, 2023 judgment, plus indemnity benefits payable, 24% penalties, attorney fees, legal interest at 4.25% and court cost.

6. It was error for the Workers' Compensation Judge to use LSA R.S. 23:1208 and the improper conduct to restrict Mr. Batiste from enforcing the February 27, 2023 judgment which Minerals Technology had decided it would not pay anything to Mr. Batiste unless he would negotiate the value of the judgments.

Because we find the third assignment of error has merit and is dispositive, we pretermit addressing the other five.

**STANDARD OF REVIEW:**

The question of whether the motion to modify/amend the February 27, 2023 judgment was properly granted is a question of law; accordingly, the appropriate

14

standard of review is de novo. *State Through Dep't of Transp. & Dev. v. Kimakovkiy*, 22-494 (La.App. 3 Cir. 2/15/23), 357 So.3d 930. "[U]nder the de novo standard of review, the appellate court assigns no special weight to the trial court and, instead, conducts a de novo review of questions of law and renders judgment on the record." *Domingue v. Bodin*, 08-62, p. 2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657.

**DISCUSSION:**

Louisiana Code of Civil Procedure Article 1951 states as follows with respect to amending final judgments:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

"It is well established that Article 1951 contemplates that correction of a 'clerical error' in a final judgment, but does not authorize substantive amendments." *Denton v. State Farm Mut. Auto. Ins. Co.*, 08-483, p. 6 (La. 12/12/08), 998 So.2d 48, 52. "Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment." *Villaume v. Villaume*, 363 So.2d 448, 450 (La.1978).

In *LaBove v. Theriot*, 597 So.2d 1007 (La.1992), the supreme court held that when an error of substance has crept into a final judgment, the proper recourse is a timely motion for a new trial, or appeal, or by consent of the parties. The court further stated that "[a]s to substantive amendments to judgments made without recourse to the above procedures, the courts have uniformly held them to be absolute nullities[.]" *Id*. at 1010. In *A.M.C. v. Caldwell*, 17-628, p. 9 (La.App. 3 Cir. 2/15/18),

15

239 So.3d 948, 957 (quoting *Greene v. Succession of Alvarado*, 15-1960, p. 29 (La.App. 1 Cir. 12/27/16), 210 So.3d 321, 339), this court also held that "[s]ubstantive amendments to judgments can be made only by consent of the parties or after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal."

In this case, the January 19, 2024 amended judgment reduced the total amount awarded to Mr. Batiste on February 27, 2023, from $320,117.40 to $231,204.36. In *Locke v. Madcon Corp.*, 21-382, p. 5 (La.App. 1 Cir. 12/30/21), 340 So.3d 946, 950, the court held that "[a] change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change." *See also Jones v. Gillen*, 564 So.2d 1274 (La.App. 5 Cir. 1990), *writs denied*, 568 So.2d 1080 and 568 So.2d 1081 (La.1990). Based on this jurisprudence, we find the January 19, 2024 judgment, which altered the amount of relief due to Mr. Batiste, without his consent and after expiration of the new trial and appeal delays, made a substantive amendment to the February 27, 2023 judgment, which was not authorized by La.Code Civ.P. art. 1951. As such, we must conclude that the amended judgment is invalid and must be vacated. *See Locke*, 340 So.3d at 950 (for the proposition that "when a judgment has been improperly amended, the amending judgment is annulled and set aside, and the original judgment is reinstated.")

Although the previous judgment rendered on February 27, 2023 would normally be reinstated per the amended judgment being vacated, we find it necessary to vacate this judgment as well under La.Code Civ.P. art. 2164, which authorizes this court to "render any judgment which is just, legal, and proper upon the record on appeal." The decision to vacate the February 27, 2023 judgment lies in the fact that both parties agree that the figures provided to the trial court regarding what was

16

owed to Mr. Batiste were incorrect and did not accurately credit Minerals Technology for benefits and related expenses that it paid to Mr. Batiste, and his counsel, during the course of this claim. As such, we find that the appropriate remedy here is to vacate not only the amending January 19, 2024 judgment but also the previous judgment of February 27, 2023, and to remand for further proceedings.

For these reasons, we hereby vacate and set aside the amended January 19, 2024 judgment upon finding that the amendment substantially changed the February 27, 2023 judgment and materially affected the parties. Additionally, pursuant to La.Code Civ.P. art. 2164, we vacate and set aside the February 27, 2023 judgment, which both parties agree was based on insufficient evidence and errors in calculation, and remand this matter to the trial court for further proceedings. All costs of this appeal are to be split between the parties.

**AMENDED JANUARY 19, 2024 JUDGMENT VACATED; FEBRUARY 27, 2023 JUDGMENT VACATED; CASE REMANDED.**

17